553 A.2d 1044

Charles Thomas, Appellant *v.* Montgomery County Tax Claim Bureau and A.O. Breinig, Appellees.

Argued December 15, 1988, before Judges DOYLE, PALLADINO and SMITH, sitting as a panel of three.

*Joseph T. Margrabia,* with him, *Joseph E. Brezina, Margrabia & Brezina, P.C.,* for appellant.

*Alfred O. Breinig, Jr.,* for appellee, A.O. Breinig.

*Diane M. Zabowski,* with her, *Thomas M. Keenan,* for appellee, Montgomery County Tax Claim Bureau.

OPINION BY JUDGE DOYLE, February 7, 1989:

Before this Court is an appeal by Charles Thomas (Appellant) from an order of the Court of Common Pleas of Montgomery County confirming a tax sale of Appellant's property by the Montgomery County Tax Claim Bureau (Bureau).

Appellant was the owner of a vacant, unimproved tract of land in Montgomery County. The land was appraised at $26,000 in December 1985. The property was sold to pay delinquent school taxes on September 9, 1985, for the sum of $3,077. On October 30, 1985, Appellant filed exceptions to the tax sale and a hearing was held before the trial court. The issues before the trial court dealt exclusively with the notice provisions under Section 6 of the Real Estate Tax Sale Law (Act), 72 P.S. §5860.602.[1]

---

[1] Act of September 27, 1973, P.L. 268, *as amended*.

Section 6 was subsequently amended, but at the time in question it provided in pertinent part:

(a) At least thirty (30) days prior to any scheduled sale the bureau shall give notice thereof, not less than once in two (2) newspapers of general circulation in the county, if so many are published therein, and once in the legal journal, if any, designated by the court for publication of legal notices. Such notice shall set forth (1) the purposes of such sale, (2) the time of such sale, (3) the place of such sale, (4) the terms of the sale including the approximate upset price, (5) the descriptions of the properties to be sold as stated in the claims entered and the name of the owner.

. . .

(e) In addition to such publications, similar notice of sale shall also be given by the bureau as follows:

(1) At least thirty (30) days before the date of the sale, by United States certified mail, restricted delivery, return receipt requested, postage prepaid, to each owner as defined by this act.

(2) If return receipt is not received from each owner pursuant to the provisions of clause (1), then, at least ten (10) days before the date of the sale, similar notice of the sale

At the hearing, the trial court found that the mailing and publication provisions of the Act were satisfied by the Bureau. Appellant does not dispute this finding on appeal, but does assert that the posting requirements were not properly followed. The only evidence presented pertaining to the posting issue, however, was the affidavit of a deputy sheriff merely stating that the property was posted at 10:20 a.m. on August 6, 1985. No objection was made by Appellant to the admission of the affidavit. Neither Appellant nor the Bureau called either of the two deputy sheriffs who posted the property to testify. Instead, each party argued that the burden of proving adequate posting was on the other.

The trial court held that the Bureau had the initial burden of proving its compliance with the statutory notice provisions of the Act. It further held that the affidavit of posting established a presumption of the regularity of the posting procedure, and that the burden then shifted to Appellant to rebut that presumption. Since Appellant failed to produce any evidence at all, the court confirmed the tax sale of the property.

The issue on appeal before us concerns only the manner of the posting of the property in question and whether such posting was done in accordance with the Act. Appellant contends that the Bureau failed to meet

shall be given to each owner who failed to acknowledge the first notice by United States certified mail, personal addressee only, return receipt requested, postage prepaid, at his last known post office address by virtue of the knowledge and information possessed by the bureau, by the tax collector for the taxing district making the return and by the county office responsible for assessments and revisions of taxes. It shall be the duty of the bureau to determine the last post office address known to said collector and county assessment office.

(3) Each property scheduled for sale shall be posted at least ten (10) days prior to the sale.

its burden in that it did *not* establish a regular procedure for posting unimproved lots. We do not agree.

In tax sale cases, the Bureau has the burden of proving compliance with the statutory notice provisions. *Casanta v. Clearfield County Tax Claim Bureau*, 62 Pa. Commonwealth Ct. 216, 435 A.2d 681 (1981). With regard to the posting issue, Section 602(e) merely states that "[e]ach property scheduled for sale shall be posted at least ten (10) days prior to the sale." 72 P.S. §5560-.602(e)(3). Nothing in the Act prescribes an exact method of posting. The method used, however, must be reasonable and such as would likely inform the taxpayer of the intended sale of the premises. *Lapp v. County of Chester*, 67 Pa. Commonwealth Ct. 86, 445 A.2d 1356 (1982).

Our Supreme Court, citing *Beacom v. Robison*, 157 Pa. Superior Ct. 515, 521, 43 A.2d 640, 643 (1945), has held that "a prima facie presumption of the regularity of the acts of public officers exists until the contrary appears. Such a presumption is a procedural expedient. . . . In tax sales it is particularly suitable." *Hughes v. Chaplin*, 389 Pa. 93, 95, 132 A.2d 200, 202 (1957) (citations omitted); *Wheatcroft v. Schmid*, 8. Pa. Commonwealth Ct. 1, 301 A.2d 377 (1973). *See also Curtis Building Co. v. Tunstall*, 21 Pa. Commonwealth Ct. 81, 343 A.2d 389 (1975). Therefore, the trial court was quite correct in finding, based upon the evidence before it, that a presumption of regularity existed with respect to the posting requirement. In addition to the affidavit, the director of the Bureau testified that the county practice was to have two sheriffs go to the property and then have the sheriffs fill out the affidavit of posting. Further, she testified that the Bureau instructs the sheriffs to post the notice where it can be easily seen by the property owner. In a situation involving an unimproved lot, such as the case presently before us, the Bureau instructs the sheriffs to post the

notice where it would be visible to anyone passing by, for example, on a tree or fence.

Appellant challenges the presumption of regularity by suggesting that the Bureau must provide *physical* evidence of the posting. We do not agree. As stated above, the evidence of the affidavit gave rise to a presumption of posting. If Appellant desired to rebut the presumption, he then had the burden to go forward with contradictory evidence. He chose not to do so and deliberately chose not to call either of the two deputies, who were readily available, to testify. For these reasons the trial court's affirmation of the sale will stand.[2]

We affirm the order of the trial court.[3]

### ORDER

NOW, February 7, 1989, the order of the Court of Common Pleas of Montgomery County in the above-captioned matter is hereby affirmed.

---

[2] Appellant attempts to distinguish *Brown v. Barnes Real Estate Co.*, 44 Pa. Commonwealth Ct. 439, 404 A.2d 437 (1979), *Shoemaker v. Tax Claim Bureau of Montgomery County,* 27 Pa. Commonwealth Ct. 211, 365 A.2d 1320 (1976) and *Wheatcroft v. Schmid,* 8 Pa. Commonwealth Ct. 1, 301 A.2d 377 (1973), on their *facts*. All three cases state that the affidavit establishes the presumption that the property was properly posted, and that such presumption must yield if the facts indicate the contrary. In the case *sub judice,* no facts were introduced to rebut the presumption, and therefore none existed that would lead this Court to a contrary result. Appellant's argument in this regard, therefore, must fail.

[3] Appellant makes a final argument that the "presumption of regularity" doctrine violates due process of law. We do not agree. We have reviewed Appellant's argument and find no grounds to find this well-settled principle of law unconstitutional.