**Mack Carl PICKNICK, Appellant**

v.

**WASHINGTON COUNTY TAX CLAIM BUREAU and Douglas E. Burig.**

Commonwealth Court of Pennsylvania.

Argued Oct. 9, 2007.

Decided Nov. 7, 2007.

Jeffrey P. Kramer, Washington, for appellant.

Blane A. Black, Monongahela, for appellee, Washington County Tax Claim Bureau.

Lane M. Turturice, Washington, for appellee, Douglas E. Burig.

BEFORE: PELLEGRINI, Judge, COHN JUBELIRER, Judge, and LEAVITT, Judge.

OPINION BY Judge LEAVITT.

Mack Carl Picknick appeals an order of the Court of Common Pleas of Washington County (trial court) denying his petition to set aside the tax upset sale of two parcels of land formerly owned by Picknick. The trial court held that the Washington County Tax Claim Bureau (Bureau) satisfied all of the requirements in the Real Estate Tax Sale Law, Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§ 5860.101–5860.803, relevant to the sale of a property delinquent in its real property taxes. Picknick contends that the Bureau failed to properly post the subject properties. For the reasons set forth below, we affirm.

The facts relevant to this matter are as follows. Picknick was the owner of two parcels of commercial property located in the Third Ward of Canonsburg and North Franklin Township, respectively. On September 14, 2006, the properties were exposed for upset sale and sold to Douglas E. Burig. Picknick filed a petition to set aside the sales, and a hearing was held before the trial court.

Yvonne Orsatti, Finance and Operations Manager of the Bureau, testified that Picknick had failed to pay the taxes owing on the properties for tax years 2004 and 2005. Orsatti explained the Bureaus procedures for conducting tax sales and how the Bureau complied with those procedures with respect to the sale of Picknicks properties. According to Orsatti, the Bureau sent Picknick a notice in June 2006 by regular mail notifying him that the properties were going to be exposed to a tax sale for the delinquent taxes. The Bureau then sent Picknick a notice in July 2006 by certified restricted mail. Picknick acknowledged receipt of the July 2006 notice by signing and returning a receipt card on August 7, 2006. A final notice of the tax sales was sent to Picknick by first class mail with proof of mailing on August 24, 2006. The final notice was not returned to the Bureau as undeliverable. On August 10, 2006, the Bureau advertised the tax sales in the required newspapers.

Orsatti also testified about the posting of sale notices on the properties. Orsatti testified that Steven Wright, an assessor, posted the Canonsburg property on August 14, 2006, at 11:46 a.m., and read from his filed affidavit. Wright noted that the apartments on the property appeared vacant. Reproduced Record at 24 (R.R.——). With respect to the North Franklin Township property, Orsatti relied upon an affidavit of posting completed by assessor Paul Chicone, which stated that Chicone posted the property on August 3, 2006, at 1:48 a.m. Chicone noted that the property had apartment units on it that

were uninhabited (vacant). R.R. 18. Both affiants photographed the notices they posted, which, along with the affidavits of posting, were admitted into evidence as proof of posting. Picknicks attorney did not object to admission of any of these items.

Orsatti testified further that Picknick contacted the Bureau on September 13, 2006, the day before the tax sale, at which time he was reminded that he had until 9:00 a.m. on September 14, 2006, to pay the delinquent taxes. Orsatti added that she was familiar with Picknick because he had been involved in a tax sale in 2005, which was stayed three times before he finally paid the delinquent taxes.

Picknicks counsel questioned Orsatti at length regarding her knowledge of the locations of the tax sale notices on the properties. She testified as follows with respect to the Canonsburg property:

Q: And where on the premises was the property posted? Front door? Side door? In the yard?

A: On the building.

Q: Do you know where?

A: It [the affidavit of posting] doesn't say where.

Q: Is there a photograph attached?

A: Yes. . . .

Q: The picture appears to be attached to concrete. Is that a wall or is that a sidewalk in the picture?

A: I don't know.

Q: Is it above grade or below grade? . . . Do you know?

A: No, I don't.

Q: It's not posted on a door though, is it?

A: No.

Q: And you don't know where its posted.

A: No, I don't.

Q: And you don't know the visibility it would have from the street or the sidewalk?

A: No, I don't.

R.R. 53–55.

When questioned about the photograph of the posting on the North Franklin Township property, Orsatti testified that the posting was

A: . . . on a stake . . . In front of the apartment building.

Q: . . . It's not on any of the doors of the apartment building?

A: No.

Q: Do you know where the sign faces? Does it face the street or an alley? Does it face a driveway? Are you aware of that?

A: No, I don't.

Q: You don't know how visible that sign would be from the public either?

A: No, I don't.

R.R. 58.

On redirect examination, Orsatti testified that the Bureau instructs all of its assessors to post the property for the public to view and to take a photograph. R.R. 65–66. Although the Bureau offered to produce the individuals who posted the property to testify, the trial court denied the request because it would have required a continuance of the hearing. Picknick did not personally appear at the hearing, and his attorney did not present any evidence.

At the conclusion of the hearing, the trial court found that the Bureau had complied with the notice requirements of the Real Estate Tax Sale Law. The court specifically found that the properties were posted with the Tax Sale Notices at their respective sites for the public to view in accordance with the statute. Trial court opinion at 2. Accordingly, the trial court

denied Picknicks petition to set aside the tax upset sales. The present appeal followed.

■ On appeal,[1] Picknick presents one issue for our consideration. He contends that the trial court erred in concluding that the properties were posted in compliance with the Real Estate Tax Sale Law. While Picknick acknowledges that the properties were physically posted, he asserts that the Bureau failed to establish with substantial evidence that the postings were capable of being viewed by the public at large.

Relying on *Thomas v. Montgomery County Tax Claim Bureau*, 123 Pa. Cmwlth. 371, 553 A.2d 1044, 1046 (1989), the Bureau counters that it met its burden of proof by producing an affidavit of posting, which gives rise to a presumption that a property has been posted in accordance with the Real Estate Tax Sale Law. The Bureau contends that in order to rebut the presumption of regularity, Picknick had the burden to produce contradictory evidence. Because Picknick failed to do so, or even challenge the admission of the affidavits of posting, the affidavits constituted sufficient evidence to support the presumption of regularity. We agree with the Bureau.

■ In tax sale cases, the Bureau has the burden of proving compliance with the statutory notice provisions. *Miller v. Clinton County Tax Claim Bureau*, 909 A.2d 461, 463, n. 2 (Pa.Cmwlth.2006). With regard to the physical posting of tax sale notices, Section 602(e)(3) of the Real Estate Tax Sale Law states that [e]ach property scheduled for sale shall be posted at least ten (10) days prior to the sale. 72 P.S. § 5860.602(e)(3). We have interpreted Section 602(e)(3) to mean that the method of posting must be reasonable and likely to inform the taxpayer as well as the public at large of an intended real property sale. *In re Tax Sale of 2003 Upset*, 860 A.2d 1184, 1188 (Pa.Cmwlth.2004).

How a tax claim bureau demonstrates compliance with the notice requirements of the Real Estate Tax Sale law was the subject of this Court's decision in *Thomas*, 123 Pa.Cmwlth. 371, 553 A.2d 1044. That case, like the case at bar, concerned the question of whether property sold at a tax sale had been properly posted. The bureau submitted an affidavit from the sheriff who posted the property, as well as testimony from its director regarding the bureau's standard procedures for posting a tax sale notice, which called for the notice to be placed where it would be easily visible to the owner or a passerby. The trial court held that the bureau was entitled to a presumption of regularity of posting by virtue of its evidence. The burden then shifted to Thomas, the delinquent taxpayer, to rebut the presumption. Thomas failed to do so and the trial court confirmed the tax sale.

This Court affirmed and held that "the trial court was quite correct in finding, based upon the evidence before it, that a presumption of regularity existed with respect to the posting requirement.... [T]he evidence of the affidavit gave rise to a presumption of posting." *Id.* at 1046. In support, we cited our Supreme Court's

---

**1.** In tax sale cases, it is well-established that this Courts review is limited to determining whether the trial court abused its discretion, clearly erred as a matter of law or rendered a decision with a lack of supporting evidence. *In re Tax Sale of 2003 Upset*, 860 A.2d 1184, 1187, n. 2 (Pa.Cmwlth.2004). The trial court, as the finder of fact, has exclusive authority to weigh the evidence, make credibility determinations, and draw reasonable inferences from the evidence presented. *Smith v. Tax Claim Bureau of Pike County*, 834 A.2d 1247, 1251 (Pa.Cmwlth.2003).

prior holding that "a *prima facie* presumption of the regularity of the acts of public officers exists until the contrary appears. Such a presumption is a procedural expedient In tax sales it is particularly suitable." *Hughes v. Chaplin*, 389 Pa. 93, 95, 132 A.2d 200, 202 (1957) (citations and internal quotations omitted).

In the case *sub judice*, the Bureau introduced an affidavit of posting, which gave rise to a presumption of regularity. In addition, Orsatti testified that the Bureau's assessors are always instructed to post the property for the public to view and to take a photograph. R.R. 65–66. With the admission of the unrebutted affidavit, photographs and testimony of Orsatti, the burden then shifted to Picknick. Picknick chose not to appear and failed to rebut the presumption with any contradictory evidence. Thus, the trial court did not err in concluding that, based upon the evidence before it, the Bureau met its burden of proof.

For the foregoing reasons, we affirm the trial courts order.

### ORDER

AND NOW, this 7th day of November, 2007, the order of the Court of Common Pleas of Washington County dated January 3, 2007, in the above captioned matter is hereby AFFIRMED.