**Michael BARYLAK and Maria Barylak, Appellants**

v.

**MONTGOMERY COUNTY TAX CLAIM BUREAU.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 9, 2013.

Decided Sept. 4, 2013.

Ralph D. Friedman, Rydal, for appellants.

Dyan E. Dinstel, Wilkes–Barre, for appellee.

Albert Martin, Jacob Singer, Anthony Malinowski and Christopher Horocki, pro se intervenors.

BEFORE: PELLEGRINI, President Judge, SIMPSON, Judge, and McCULLOUGH, Judge.

OPINION BY President Judge PELLEGRINI.

Michael Barylak and Maria Barylak (collectively, the Barylaks) appeal from an order of the Court of Common Pleas of Montgomery County (trial court) denying their Petition Raising Objections and Exceptions to Upset Tax Sale (Petition). For the reasons that follow, we affirm the trial court.

On September 15, 2010, the Montgomery County (County) Tax Claim Bureau (Bureau) sold property owned by the Barylaks located at 610 Cedar Road, Abington Township, Pennsylvania, 19046 (Property) as a result of a real estate tax delinquency for the years 2008 and 2009. Intervenors Albert Martin and Jacob Singer were the successful bidders for the Property and paid $96,000 to the Bureau. After the sale, the Barylaks filed their Petition alleging, *inter alia,* that the Bureau did not post notice of the tax sale at, the Property in accordance with the requirements of Section 602 of the Real Estate Tax Sale Law (Law), 72 P.S. § 5860.602,[1] and a hearing was held before the trial court on December 20, 2012.[2]

At the hearing, Charlotte T. Grisafi (Grisafi), compliance coordinator for the Bureau, testified that the Sheriff's department was responsible for posting properties for tax sale in the County. She explained that after the Sheriff's department posted a notice of public sale on a property, it filed an affidavit of posting with the Bureau. Grisafi then introduced into evi-

---

1. That section provides, in relevant part:

   (a) At least thirty (30) days prior to any scheduled sale the bureau shall give notice thereof, not less than once in two (2) newspapers of general circulation in the county, if so many are published therein, and once in the legal journal, if any, designated by the court for the publication of legal notices. Such notice shall set forth (1) the purposes of such sale, (2) the time of such sale, (3) the place of such sale, (4) the terms of the sale including the approximate upset price, (5) the descriptions of the properties to be sold as stated in the claims entered and the name of the owner.

   * * *

   (e) In addition to such publications, similar notice of the sale shall also be given by the bureau as follows:

   (1) At least thirty (30) days before the date of sale, by United States certified mail, restricted delivery, return receipt requested, postage prepaid, to each owner as defined in this act.

   * * *

   (3) Each property scheduled for sale shall be posted at least ten (10) days prior to sale.

2. The Barylaks do not dispute that they had actual notice of the tax sale.

dence a copy of the affidavit of posting signed by Deputy Sheriff C. Bono, certifying that the posting was made at the Property on July 30, 2010, at 9:50 a.m., and an affidavit of personal service certifying that Michael Barylak was personally served with a copy of the notice on that date.

Michael Barylak confirmed that the Deputy Sheriff was present on the Property and served him with a copy of the notice of tax sale and affidavit of posting on July 30, 2010. However, he testified that the notice was not posted on the Property and that he did not see a copy of the notice lying around the premises. He further explained that there was no physical evidence on the original notice, such as tack holes or tape marks, indicating that it had been posted. When asked on cross-examination if he had any way of knowing whether or not the Deputy Sheriff may have posted a document on the Property, he responded "no."

Maria Barylak also testified that she never saw the notice posted on the Property. She stated that she was "most likely" on the Property on July 30, 2010. (December 20, 2012 Hearing Transcript at 29).

■ The trial court dismissed the Barylaks' Petition, holding that their testimony was self-serving and not credible. This appeal followed.[3]

On appeal, the Barylaks contend that the trial court erred in finding that they did not successfully rebut the presumption of regularity created by the Deputy Sheriff's affidavit of posting. The Barylaks argue that their testimony that the notice

was not posted and that there was no physical evidence on the original notice indicating that it had been posted was sufficient to rebut the presumption of proper posting, while the Deputy Sheriff's affidavit of posting alone was not sufficient to establish the Bureau's compliance with the Law's notice requirements.

■ Generally, tax sales are presumed valid. *Miller v. Clinton County Tax Claim Bureau,* 909 A.2d 461, 463 (Pa. Cmwlth.2006). A property owner overcomes this presumption by filing exceptions to the tax sale averring that the Law's notice provisions were not strictly followed. *In re Upset Sale Tax Claim Bureau McKean County on September 10, 2007,* 965 A.2d 1244, 1247 (Pa.Cmwlth. 2009). The burden then shifts to the Bureau or the purchaser to show that the Bureau strictly complied with the notice provisions of the Law. *Id.* Once the Barylaks filed their Petition in which they averred that the Bureau did not strictly comply with the notice requirements of Section 602 of the Law, the burden then shifted to the Bureau to show that it strictly complied with the Law's notice provisions.

■ To meet its burden of proving that the notice was posted properly, the Bureau introduced the Deputy Sheriff's affidavit of posting, which indicated the date and time that the Deputy Sheriff posted the notice at the Property. Such an affidavit of posting is competent evidence that the premises were properly posted. *See* 42 Pa.C.S. § 6104(a).[4] *See*

---

3. Our scope of review in a tax sale case is limited to determining whether the trial court abused its discretion, rendered a decision without supporting evidence, or erred as a matter of law. *In re York County Tax Claim Bureau,* 3 A.3d 765, 767 n. 3 (Pa.Cmwlth. 2010).

4. That section, relating to the effect of official records generally, provides:

(a) **General rule.**—A copy of a record of governmental action or inaction authenticated B ... shall be admissible as evidence that the governmental action or inaction disclosed therein was in fact taken or omitted.

*also In re Sale of Real Estate by Lacka-wanna County Tax Claim Bureau,* 986 A.2d 213, 217 (Pa.Cmwlth.2009); *Picknick v. Washington County Tax Claim Bureau,* 936 A.2d 1209, 1213 (Pa.Cmwlth.2007); *In re Tax Sale of Real Property Situate in Paint Twp., Somerset County,* 865 A.2d 1009, 1018 (Pa.Cmwlth.2005); *Thomas v. Montgomery County Tax Claim Bureau,* 123 Pa.Cmwlth. 371, 553 A.2d 1044, 1046 (1989).[5]

■ To counter the Bureau's evidence, the Barylaks both testified that they did not see the notice posted on the date in question. The trial court found this testimony not credible, noting that Michael Barylak admitted that he would have no way of knowing whether the notice was posted on the Property on the date in question, and that Maria Barylak could not even conclusively establish that she was on the Property on that date. As the finder of fact, the trial court has exclusive authority to weigh the evidence, make credibility determinations and draw reasonable inferences from the evidence presented. *In re Sale of Real Estate by Lackawanna County Tax Claim Bureau,* 986 A.2d at 216. The trial court simply found that the Barylaks' evidence did not overcome the Bureau's evidence.[6] We will not disturb such a determination on appeal.

Accordingly, the order of the trial court is affirmed.

### ORDER

AND NOW, this *4th* day of *September,* 2013, the order of the Court of Common Pleas of Montgomery County, dated December 31, 2012, at No. 2010–30303, is affirmed.

---

5. Those cases indicate that an affidavit of posting creates a "presumption" that notice was properly posted. However, such an affidavit does not create a "presumption," which indicates burden shifting, but, rather, is substantive evidence.

6. With respect to the Barylaks' argument that the affidavit of posting, alone, was not sufficient to establish compliance with the Law's posting requirements, this Court specifically rejected that argument in *Thomas,* 553 A.2d at 1046 (holding that the Bureau was not required to provide *physical* evidence of the posting, only affidavit of the posting itself).