IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Sale of Tax            :
Delinquent Properties        :
Exposed For Sale           :  No. 940 C.D. 2017
September 19, 2016        :  SUBMITTED: May 8, 2018
                               :
Appeal of: Geraldine M. Kapopoulos  :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
                 HONORABLE ELLEN CEISLER, Judge
                 HONORABLE DAN PELLEGRINI, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE CEISLER                        FILED: June 1, 2018


Geraldine M. Kapopoulos (Taxpayer) appeals from the June 13, 2017 order of the Court of Common Pleas of Fayette County (Trial Court), which denied the exceptions filed by Taxpayer following the sale of Taxpayer's real property at tax sale. We affirm.

## Background

At issue in this matter is real property located on Guard Road, Markleysburg, Fayette County, Pennsylvania (the Property).[1] Approximately 40 years ago, Taxpayer and her late husband purchased the Property for use as a camping site. Notes of Testimony (N.T.), 3/1/17, at 8, 12. Taxpayer lives with her daughter in a home located at 744 Fairston Street, Pittsburgh, Pennsylvania 15204 (Fairston Street). *Id.* at 7-8. Taxpayer has resided at Fairston Street since August 2014 after experiencing medical issues from which she is still recovering. *Id.* at 8-9.

---

[1] The record does not reflect the street number for the Property.

Taxpayer's legal residence is located at 22 Charlton Street, Pittsburgh, Pennsylvania 15205 (Charlton Street). *Id.* at 13, 16. After moving in with her daughter, Elaena Capan, Taxpayer continued to receive her mail at Charlton Street; she did not formally change her address to receive mail at Fairston Street or elect to have her mail forwarded from Charlton Street to Fairston Street by the post office. *Id.* Instead, mail delivered to Charlton Street was picked up by Taxpayer's relatives or neighbors, sorted to identify important items such as utility bills, and brought to her at Fairston Street. *Id.* at 14.

In early 2015, the Fayette County Tax Claim Bureau (Bureau) mailed Taxpayer a certified letter notifying her that the 2014 school taxes for the Property were overdue.[2] N.T., 3/1/17, at 22. The letter was mailed to Charlton Street and returned to the Bureau as unclaimed on April 5, 2015. *Id.*, Ex. 1. Subsequent certified letters regarding the unpaid taxes were mailed to Charlton Street and returned unclaimed. N.T., 3/1/17, at 23.

A tax sale of the Property was scheduled for September 19, 2016. Notices of the pending tax sale were published in the Daily Courier on August 2, 2016, and the Fayette Legal Journal on August 6, 2016. N.T., 3/1/17, at 30. Notice was also published in the Herald Standard.[3] *Id.* A notice of the pending tax sale was posted on the Property on July 1, 2016. *Id.* at 26. On August 29, 2016, the Bureau sent by regular mail a letter to Charlton Street notifying Taxpayer the Property would be

---

[2] The amount of taxes owed on the Property was approximately $486. N.T., 3/1/17, at 11. Taxes for 2015 and 2016 were fully paid. *Id.* at 19. Both Taxpayer and Ms. Capan testified they would have paid the taxes had they known the taxes were delinquent. *Id.* at 11, 19.

[3] The record does not indicate the date on which publication was made in the Herald Standard. However, counsel for the parties stipulated to the advertisement at the March 1, 2017 hearing. N.T., 3/1/17, at 30.

sold at tax sale. *Id.* at 24. The regular-mail envelope was not returned to the Bureau. *Id.* at 25. In a letter dated October 27, 2016, the Bureau notified Taxpayer the Property was sold at tax sale on September 19, 2016. *Id.*, Ex. B. This letter was mailed to Charlton Street. *Id.* The letter was not returned to the Bureau. *Id.* at 25.

Taxpayer filed with the Trial Court a timely petition styled as Objections, Exceptions and Petition to Set Aside and/or Void Tax Sale of September 19, 2016 (Exceptions) on November 18, 2016. Reproduced Record (R.R.) at 6a-9a. The Exceptions alleged the Bureau neglected to comply generally with the provisions of the Real Estate Tax Sale Law (Law).[4] *Id.* at 7a. More specifically, Taxpayer alleged the Bureau failed to comply with the notice provisions contained in Section 602 of the Law, 72 P.S. § 5860.602. *Id.* Taxpayer averred she did not recall receiving any certified or regular mailings from the Bureau notifying her of the pending tax sale, the Bureau did not serve her notice of the sale at her last known post office address, and, to the best of her knowledge, the Bureau did not post a notice of sale on the Property. *Id.* at 8a. As to relief, Taxpayer requested the Trial Court set aside the tax sale, direct the Bureau to refund the purchase price, declare the tax sale void, direct the Bureau to accept payment of the delinquent taxes, and grant such other relief as the Trial Court might deem necessary. *Id.* at 8a-9a. On February 27, 2017, the Trial Court granted Jason Leonard (Purchaser), the individual who purchased the Property at the tax sale, leave to intervene in the matter. *Id.* at 28a.

A hearing was held before the Trial Court on March 1, 2017. Taxpayer testified and presented the testimony of her daughter, Ms. Capan. The Bureau presented the testimony of its Director, Sara Minnick. After the record closed, the Trial Court granted the parties additional time to brief the matter. N.T., 3/1/17, at

---

[4] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§ 5860.101 – 5860.803.

3

36. A two-sentence order was issued by the Trial Court on June 13, 2017, in which the Trial Court found the required notices were validly given, and any disability related to Taxpayer's 2014 illness was not a basis upon which to void the sale. R.R. at 77a. Taxpayer's Exceptions were denied. *Id.* Subsequent to the filing of an appeal with this Court, the Trial Court issued its statement pursuant to Pa.R.A.P. 1925(a) (1925(a) Statement). R.R. at 86a-91a.

## Issues

On appeal,[5] Taxpayer argues she did not receive notice as required by the Law. More specifically, Taxpayer contends the Bureau did not provide notice as required by Sections 602 and 607.1[6] of the Law.[7] Purchaser and the Bureau responded that the Bureau complied in all respects with the notification procedures required by the Law and the tax sale should be upheld. Purchaser additionally argues that compliance with Section 607.1 of the Law was not raised before the Trial Court and, consequently, the issue is waived.

---

[5] Our scope of review in tax sale cases is limited to a determination of whether the Trial Court abused its discretion, rendered a decision which lacked supporting evidence, or clearly erred as a matter of law. *777 L.L.P v. Luzerne Cty. Tax Claim Bureau*, 111 A.3d 292, 296 n.3 (Pa. Cmwlth. 2015).

[6] Added by Act of July 3, P.L. 351, 72 P.S. § 5860.607a.

[7] While Taxpayer cites Section 607(a) of the Law in her appellate brief, she argues the substance of Section 607.1 of the Law. 72 P.S. § 5860.607a. Section 607(a) of the Law requires the Bureau, no later than 60 days following a tax sale, to make a consolidated return to the Trial Court which sets forth details of the properties exposed to tax sale. 72 P.S. § 5860.607(a). Section 607.1(a) of the Law requires the Bureau to make additional notification efforts in certain circumstances prior to a tax sale. 72 P.S. § 5860.607a(a). As Taxpayer is arguing the Bureau failed to provide the requisite notifications and make additional notification efforts as required under the Law, we presume she intended to reference Section 607.1(a) of the Law.

4

**Discussion**

Section 602(a) of the Law sets forth the notification procedures with which the Bureau must comply prior to the sale of property at tax sale. The Bureau must give notice of the sale at least 30 days prior to the date of the sale by means of publication at least once in 2 newspapers of general circulation in the county and once in the legal journal. 72 P.S. §5860.602(a). Additionally, the Bureau must give notice of the sale to each property owner at least 30 days prior to the date of the sale by United States certified mail, restricted delivery, return receipt requested, postage prepaid. 72 P.S. § 5860.602(e)(1). If a return receipt is not received from each owner pursuant to Section 602(e)(1), the Bureau must send notice of the sale at least 10 days before the date of the sale by first class mail, with proof of mailing, to the last known post office address of each owner that failed to acknowledge the first notice. 72 P.S. § 5860.602(e)(2). Further, each property scheduled for sale shall be posted at least 10 days prior to the date of the sale. 72 P.S. § 5860.602(e)(3).

The Bureau has the burden of proving compliance with the statutory notice provisions of the Law. *In re Tax Sale of Real Prop. Situated in Jefferson Twp.*, 828 A.2d 475, 478 (Pa. Cmwlth. 2003). The notice provisions of the Law are to be strictly construed and compliance with said provisions is essential to prevent the deprivation of property without due process. *Id.* at 479. If any of the three types of notice – publication, posting, or mail – is defective, the tax sale is void. *In re Consol. Reports and Return by Tax Claims Bureau of Northumberland Cty. of Props.*, 132 A.3d 637, 645 (Pa. Cmwlth. 2016).

First, we address the Bureau's compliance with the notice requirements of Section 602. Taxpayer does not attack the content of the notice of tax sale or argue that the Bureau failed to publish or mail the notice as required by Section 602.

5

Rather, Taxpayer focuses on Section 602(e)(3), which requires the Bureau to post notice of the sale on the property 10 days prior to the date of the sale. 72 P.S. § 5860.602(e)(3). Taxpayer argues the Bureau failed to establish the Property was properly posted because no exhibits were entered to corroborate Ms. Minnick's testimony that the Property was posted and both Taxpayer and Ms. Capan testified the Property was not posted.

Purchaser cites as dispositive Ms. Minnick's testimony that the Property was posted. The Trial Court's initial order denying Taxpayer's Exceptions simply found that notices were validly given. R.R. at 77a. It made no explicit credibility findings with regard to the witnesses. In its 1925(a) Statement, the Trial Court noted that posting of the Property in accordance with statute was not a disputed fact. *Id.* at 88a.

The issue before this Court, in essence, is whether testimony that posting was made, without more, is sufficient to satisfy the Bureau's burden of proving it complied with the requirements of Section 602(e)(3).

With regard to posting, Section 602(e)(3) merely states that "[e]ach property scheduled for sale shall be posted at least ten (10) days prior to the sale." 72 P.S. § 5860.602(e)(3). The Law does not prescribe a particular method of posting; however, the method chosen must be reasonable and likely to inform the taxpayer of an intended real property sale. *Lapp v. Cty. of Chester*, 445 A.2d 1356, 1358 (Pa. Cmwlth. 1982).

This Court declined to hold that a tax bureau was required to provide physical evidence of the posting in the matter of *Thomas v. Montgomery County Tax Claim Bureau*, 553 A.2d 1044, 1046 (Pa. Cmwlth. 1989). The taxpayer in *Thomas* did not present contradictory evidence to rebut the presumption that posting occurred. An affidavit from a deputy sheriff was presented which indicated the date and time of

posting. *Id.* Further, the director of the tax bureau testified that county practice was to have two sheriffs post the notice where it could easily be seen by the property owner and, in situations where the property was an unimproved lot, sheriffs were instructed to post the notice where it would be visible to anyone passing by the property. *Id.*

Similarly, in *Barylak v. Montgomery County Tax Claim Bureau*, 74 A.3d 414, 417 (Pa. Cmwlth. 2013), this Court upheld the trial court's denial of the taxpayers' exceptions to a tax sale where the tax bureau introduced into evidence a copy of the affidavit of posting signed by the sheriff, which indicated the date and time posting was made. Such an affidavit is competent evidence that the premises were properly posted. *Id.* at 416.

Conversely, in *Consolidated Return by McKean County Tax Claim Bureau of 9/12/2000*, 820 A.2d 900, 902 (Pa. Cmwlth. 2003), this Court agreed with the trial court that the tax bureau failed to meet its burden of proving compliance with the statutory requirements of posting. In *Consolidated Return*, evidence that the notice was posted on a telephone pole was rebutted by testimony that neighbors of the property had not seen the notice. *Id.* at 901. While the trial court had no reason to disbelieve the testimony of the tax bureau's witness, because that witness could not recall how he attached the notice, the trial court could not conclude the notice was reasonably attached to the telephone pole. *Id.* at 903. This Court would not disturb the trial court's resolution of conflicts in testimony, the weight of the evidence, or credibility of the witnesses. *Id.*

In the present matter, Ms. Capan testified that she did not believe the Property was posted, however, she acknowledged she "[had]n't been up there." N.T., 3/1/17, at 12. When asked on direct examination if she knew the Property was posted,

7

Taxpayer responded in the negative. *Id.* at 19. Taxpayer also acknowledged she was not at the Property. *Id.* To the contrary, Ms. Minnick testified the Property was posted on July 1, 2016, at 3:23 p.m. *Id.* at 26. Taxpayer's counsel did not question Ms. Minnick regarding the basis of her knowledge that the Property was posted.

We agree the testimony presented by the Bureau that posting was accomplished is bereft of detail beyond the date and time of posting. Taxpayer's challenge to this testimony is not compelling, however, because both Taxpayer and Ms. Capan admitted they had not been to the Property. Consequently, they were not in a position to dispute whether posting was made. Further, Taxpayer's counsel had every opportunity to cross-examine Ms. Minnick on the circumstances of the posting, but he declined to do so.

While Taxpayer argues the testimony of Ms. Minnick alone is insufficient to prove the Bureau met its obligation under Section 602(e)(3), she has cited no case law in support of this contention. As the finder of fact, the Trial Court has exclusive authority to weigh the evidence, make credibility determinations, and draw reasonable inferences from the evidence presented. *Barylak*, 74 A.3d at 417. It is regrettable that Taxpayer's Property was sold at tax sale for want of the payment of $486 in taxes. However, we discern no abuse of discretion or error of law on the part of the Trial Court. To the extent the testimony of Taxpayer and Ms. Capan contradicted that of Ms. Minnick, the Trial Court weighed this conflicting testimony and found the notices were validly given. We cannot disturb this determination on appeal. *Id.*

Next, we address Purchaser's argument that Taxpayer waived any issue relative to the application of Section 607.1[8] of the Law because she failed to raise it with the Trial Court. Purchaser contends in his appellate court brief that Taxpayer raised only the Bureau's compliance with Section 602 as an issue in her Exceptions.

Taxpayer responds that she cited the entire statute in her initial filing and that the Bureau is required to follow said statute. As such, Taxpayer argues the issue regarding application of Section 607.1 was not waived and can be considered on appeal. Taxpayer relies on the following paragraph set forth in the Certificate of Presentation she filed with the Trial Court on November 18, 2017:

> 5. The SPECIFIC citation for the Court's authority to grant the relief requested therein is: 72 P.S. 5860.101 et seq.

R.R. at 3a.[9]

In its 1925(a) Statement, the Trial Court noted that Taxpayer did not cite Section 607.1 of the Law in her Exceptions and, as a result, no testimony or argument was presented to establish significant doubt existed as to Taxpayer's actual receipt of any notices. R.R. at 87a. The Trial Court's 1925(a) Statement indicates that the sole argument presented by Taxpayer at the time of the hearing was that Taxpayer's

---

[8] Section 607.1 of the Law requires the Bureau to make additional notification efforts when notification of a pending tax sale is required to be mailed to any owner and such mailed notification is either returned without the required receipted personal signature of the addressee or under other circumstances raising a significant doubt as to the actual receipt of the tax sale notification. 72 P.S. § 5860.607a(a).

[9] We note that Taxpayer averred in her Exceptions that the Bureau "neglected to comply with the provisions of the [Law] generally and specifically, those portions of said law relating to the [Bureau's] obligation to give notice of the Upset Tax Sale pursuant to 72 P.S. § 5860.602." R.R. at 7a. Taxpayer cites to no other specific provisions of the Law in her Exceptions.

9

disability stemming from her 2014 illness should prevent confirmation of the sale. R.R. at 89a. At no time, the Trial Court stated, did Taxpayer cite to or argue Section 607.1. *Id.*

Pa.R.A.P. 302(a) provides that issues not raised in the lower court are waived and cannot be raised for the first time on appeal. Further, arguments that are not appropriately developed are waived. *Lackner v. Glosser*, 892 A.2d 21, 29 (Pa. 2006). Arguments not appropriately developed include those where the party has failed to cite any authority in support of a contention. *Id.* at 29-30.

It is undisputed that Taxpayer did not specifically cite to Section 607.1 in her Exceptions filed with the Trial Court. At the conclusion of the March 1, 2017 hearing, counsel for both Taxpayer and the Bureau made brief closing statements. Counsel for Taxpayer referenced the testimony of Taxpayer and Ms. Capan "that they didn't receive notice." N.T., 3/1/17, at 33. Taxpayer's counsel requested the opportunity to brief the issue of notice and noted the "very high standard" required in tax sale matters. *Id.* Counsel at no time suggested or argued that additional notification efforts were required of the Bureau.

If this Court followed Taxpayer's logic, a party need only cite the short title of an act, follow it with the Latin phrase for "and what follows," and any one of several dozen issues could be raised for the first time on appeal with this Court. We cannot countenance such an appellate free-for-all. Our review of the record makes it clear Taxpayer neglected to raise compliance with Section 607.1 of the Law with the Trial Court. Taxpayer likewise neglected to cite in her appellate brief any authority to support her argument that a citation to the Law as a whole sufficed to raise compliance with Section 607.1 with the Trial Court. Consequently, we conclude Taxpayer has not satisfied the requirements of Pa.R.A.P. 302(a) or

10

appropriately developed her argument, and the issue regarding the Bureau's compliance with Section 607.1 is waived.

## Conclusion

This case presents itself with a very sympathetic appellant. Taxpayer is an older woman who suffered medical issues in 2014. She is still recovering from those medical issues. During that time, she moved in with her daughter. Taxpayer never changed her mailing address or had her mail forwarded from her legal place of residence. Instead, she relied on neighbors and relatives to pick up her mail and bring to her those items deemed important. As a result, she was not aware the 2014 taxes on her Property were not paid. The 2015 and 2016 taxes were fully paid. Taxpayer only became aware of the deficiency when the Property was sold at a tax sale held in September 2016. The amount of taxes owed was less than $500.

Taxpayer has argued the Bureau failed to establish the Property was posted. Her testimony, and that of Ms. Capan, that the Property was not posted is less-than-compelling, as both witnesses acknowledged they had not been to the Property. While no exhibits were entered evidencing the notice posted on the Property, Ms. Minnick testified to the date and time of that posting. This testimony was uncontroverted. Taxpayer's counsel could have cross-examined Ms. Minnick on the basis of her knowledge. He did not, however. Nor has he cited any case law which stands for the proposition that testimony alone is insufficient to evidence satisfaction of Section 602(e)(3) of the Law. Taxpayer's argument that the Bureau should have made additional efforts to notify her of the sale pursuant to Section 607.1 of the Law is waived, as she raised this issue for the first time on appeal and failed to appropriately develop her argument.

11

For these reasons, we affirm the order of the Trial Court.

_____

ELLEN CEISLER, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Sale of Tax          :
Delinquent Properties      :
Exposed For Sale         :  No. 940 C.D. 2017
September 19, 2016       :
                               :
Appeal of: Geraldine M. Kapopoulos :

## O R D E R

AND NOW, this 1st day of June, 2018, the order of the Fayette County Court of Common Pleas, dated June 13, 2017, is hereby affirmed.


_____
ELLEN CEISLER, Judge