IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia                          :
                                              :
            v.                                :
                                              :
Stephen A. Frempong,                          :    No. 228 C.D. 2018
                  Appellant                   :    Submitted: September 27, 2019


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON            FILED:  January 22, 2020


            Stephen A. Frempong (Frempong) appeals from the order of the Court
of Common Pleas of Philadelphia County (trial court), dated January 18, 2018,
allowing his property at 2030 East Rittenhouse Street (Property) to be sold at a
sheriff's sale to satisfy liens from delinquent real estate taxes.  Upon review, we
affirm.

            On June 7, 2017, the City of Philadelphia (City) filed a Petition for Rule
to Show Cause Why Property Should Not Be Sold Free and Clear of All Claims,
Liens, Mortgages, Ground Rents, Charges and Estates (Tax Petition), seeking to sell
the Property.  Original Record (O.R.) at 9.[1]  The trial court issued a Rule Returnable
on June 7, 2017, scheduling a Rule Returnable hearing for September 27, 2017.  O.R.
at 32.  Frempong appeared at the Rule Returnable Hearing and, prior to the case

_____

[1] Our citations to the Original Record reference the page numbers of the PDF document,
as the record is not paginated.

being called, the City advised the trial court that the parties had agreed to a continuance. On that same day, the trial court scheduled a new Rule Returnable hearing for November 7, 2017. O.R. at 36. On November 1, 2017, Frempong filed an Emergency Motion for Continuance. O.R. at 39. On November 3, 2017, the trial court granted the motion and rescheduled the Rule Returnable hearing for December 8, 2017. O.R. at 48. On December 8, 2017, Frempong filed a Motion for Extraordinary Relief seeking a stay of the Rule Returnable hearing so that he could pursue *nunc pro tunc* tax assessment appeals before the Board of Revision of Taxes (BRT). O.R. at 51. That same day, the trial court denied Frempong's Motion for Extraordinary Relief and rescheduled the hearing for January 18, 2018. O.R. at 60-61. Prior to the hearing on January 18, 2018, Frempong filed a Motion to Strike the Tax Petition, wherein he alleged that the City failed to properly serve him with the Tax Petition. O.R. at 65. The trial court proceeded with the hearing.

At the hearing, the City presented the testimony of Anita Gonzalez (Gonzalez), an employee of GRB Law, which is the firm that represents the City in the collection of its delinquent real estate taxes. Notes of Testimony, January 8, 2018 (N.T.) at 6-7.[2] Gonzalez testified that, according to a report from the City Department of Taxes entered into evidence as Exhibit A, Frempong owes $46,405.18 in real estate taxes for the Property. N.T. at 8; O.R. at 81-82. Gonzalez also brought with her an Affidavit of Service of Mailing Petition and Rule, entered into evidence as Exhibit B, showing that, on June 30, 2017, the Rule was sent to a total of 16 interested parties via first-class mail, including Frempong, and that it was

---

[2] The notes of testimony were filed separately from the original record in this case. Thus, cites to the notes of testimony are to the page numbers of the testimony rather than to a page number in the original record.

sent to Frempong at numerous addresses.  N.T. at 9-10; O.R. at 83-84.[3]  Gonzalez further testified regarding a spreadsheet of addresses listing certified mail tracking numbers and printouts of tracking information related to those numbers from the United States Postal Service (USPS) website, entered into evidence as Exhibit C, which shows that the Rule Returnable was mailed to the parties indicated on the Rule.  N.T. at 11-12; O.R. at 85-119.  Additionally, Gonzalez testified regarding an Affidavit of Posting, entered into evidence as Exhibit D, which shows that the Rule Returnable was posted on the "house/main front door" of the Property at 3:45 pm on July 8, 2017 by Mark Quigley of Philadelphia Rent Service, a professional service company.  N.T. at 15-16; O.R. at 120.  Based on this evidence, the trial court found

---

[3] The Affidavit of Service indicates that "[p]ursuant to [Section 39.2(a) of the Municipal Claims and Tax Liens Act (MCTLA), Act of May 16, 1923, P.L. 207, *as amended*, added by the Act of December 14, 1992, P.L. 859, 53 P.S. § 7193.2(a),] [] a copy of its Petition for Rule to Show Cause [] [was sent] via certified mail, return receipt requested, postage prepaid upon all Respondents on the 30th day of June, 2017 [to the following addresses]:" 1) Stephen A. Frempong a.k.a. Steven Frempong Atuahene with Notice of Heirs and Assigns, 5800 North 17th Street, Philadelphia, PA 19141; 2) Stephen A. Frempong a.k.a. Steven Frempong Atuahene with Notice of Heirs and Assigns, P.O. Box 3802, Philadelphia, PA 19146; 3) Stephen A. Frempong a.k.a. Steven Frempong Atuahene with Notice to Heirs and Assigns, 1302 Weaver Street, Philadelphia, PA 19150-2518; 4) Stephen A. Frempong a.k.a. Steven Frempong Atuahene with Notice to Heirs & Assigns, 5800 North 17th Street, Apt. 6, Philadelphia, PA 19141; 5) Stephen A. Frempong a.k.a. Steven Frempong Atuahene with Notice to Heirs and Assigns, 7000 Woodbine Avenue, Philadelphia, PA 19151; 6) Stephen A. Frempong a.k.a. Steven Frempong Atuahene with Notice to Heirs and Assigns, 6001 North 17th Street, Philadelphia, PA 19141; 7) Stephen A. Frempong a.k.a. Steven Frempong Atuahene with Notice to Heirs and Assigns, 2030 East Rittenhouse Street, Philadelphia, PA 19138; 8) Stephen A. Frempong a.k.a. Stephen Frempong Atuahene with Notice to Heirs and Assigns, 1650 Roselyn Street, Suite 105, Philadelphia, PA 19141; 9) Agnes Frempong Atuahene Manu, 2030 East Rittenhouse Street, Philadelphia, PA 19138; 10) Marckita Young, 2030 East Rittenhouse Street, Philadelphia, PA 19138; 11) Penn Business Credit, Inc., 1 Belmont Avenue, Bala Cynwyd, PA 19004; 12) Current Occupant/Tenant, 2030 Rittenhouse Street, Philadelphia, PA 19138; 13) Information Management Group, Inc., P.O. Box 3802, Philadelphia, PA 19146; 14) Atlantic Financial Federal, 1627 Walnut Street, Philadelphia, PA 19103; 15) Chilmark Equities, Inc., 2125 Williamsbridge, New York, NY 10461; and 16) [Pa] Department of Revenue, Bureau of Compliance, [Dep't]. 281230, Harrisburg, PA 17128-1230. O.R. at 83-84.

3

that service was proper. Accordingly, the trial court denied the Motion to Strike and granted the Tax Petition. Frempong timely appealed to this Court.[4]

On appeal, Frempong first generally argues that the City failed to properly notify him of the Rule Returnable.[5] Frempong's claims are governed by Section 39.2(a) of the Municipal Claims and Tax Liens Act (MCTLA), titled "Rule to show cause; decree; service; notice[,]" which provides:

> (a) In cities of the first class, notice of a rule to show cause why a property should not be sold free and clear of all encumbrances issued by a court pursuant to a petition filed by a claimant under section 31.2 of this act shall be served by the claimant upon owners, mortgagees, holders of ground rents, liens and charges or estates of whatsoever kind as follows:
>
> > (1) By posting a true and correct copy of the petition and rule on the most public part of the property;

---

[4] This Court's review in tax cases is limited to determining whether the trial court abused its discretion, issued a decision that is not supported by the evidence, or erred as a matter of law. *Brentwood Borough Sch. Dist. v. HSBC Bank USA, N.A.*, 111 A.3d 807, 810 n.1 (Pa. Cmwlth. 2015).

[5] Frempong also argues that the City failed to comply with Section 31.2(a) of the MCTLA, added by the Act of March 15, 1956, P.L. (1955) 1274, 53 P.S. § 7283(a), which Frempong contends requires that contemporaneous with service of the rule, notice of the rule must be published in at least one newspaper of general circulation in the county and in a legal periodical published therein. Frempong's Brief at 16-17. Frempong contends that the City failed to aver "such statement" in its Tax Petition or at the hearing. *Id.* at 17. Frempong contends such failure deprived the trial court of jurisdiction and renders its January 18, 2018 order a nullity. *Id.* Frempong failed to raise this issue in his March 22, 2018 Concise Statement of the Errors Complained of on Appeal. *See generally* O.R. at 136-137. Therefore, this issue is waived. *See* Pa.R.A.P. 1925(b)(4)(vii) (stating, "[i]ssues not included in the [s]tatement [of errors complained of on appeal] and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived)"; *City of Philadelphia v. Lerner*, 151 A.3d 1020, 1024 (Pa. 2016) (reaffirming the "well-settled, bright-line rule" that "issues not raised in a Rule 1925(b) statement will be deemed waived"). We also note that Frempong failed to raise this issue in his January 18, 2018 Motion to Strike. *See generally* O.R. at 64-76. *See* Pa.R.A.P. 302(a) (stating, "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal").

(2) By mailing by first[-]class mail to the address registered by any interested party pursuant to section 39.1[6] of this act a true and correct copy of the petition and rule; and

(3) By reviewing a title search, title insurance policy or tax information certificate that identifies interested parties of record who have not registered their addresses pursuant to section 39.1 of this act, the city shall mail by first[-]class mail and either by certified mail, return receipt requested, or by registered mail to such addresses as appear on the respective records relating to the premises a true and correct copy of the petition and rule.

Service of notice pursuant to this section shall be deemed accomplished on the date of mailing. The city shall file an affidavit of service with the court prior to seeking a decree ordering the sale of the premises.

53 P.S. § 7193.2(a). Section 39.1 of the MCTLA, referenced above, states, in relevant part:

(a) Any owner of real property located within a city of the first class, any mortgagee thereof or any person having a lien or claim thereon or interest therein shall register a notice of interest with the department of the city of the first class responsible for collection of tax and municipal claims stating his name, residence and mailing address and a description of the real property in which the person has an interest. A notice of interest shall not be required for any mortgage or interest otherwise properly recorded in the Office of the Recorder of Deeds provided the document contains a current address sufficient to satisfy the notice requirements of this section. The interested party shall file an amended registration as needed.

---

[6] Section 39.1 of the MCTLA was added by the Act of December 14, 1992, P.L. 850, 53 P.S. § 7193.1.

> (b) After the completion and filing of a notice of interest, a city of the first class shall serve all petitions, rules and other notices required by this act on those interested parties at the registered address.

53 P.S. § 7193.1.

Initially, we note that Frempong did appear at the first Rule Returnable hearing on September 27, 2017, and the City consented to a continuance. O.R. at 36; City's Brief at 3. After several continuances, Frempong was able to participate in the January 18, 2018 hearing. N.T. at 2, 5. Following the hearing, the trial court found that: (1) based on the credible testimony of Gonzalez, the Rule Returnable was sent to Frempong, at multiple addresses of record, by certified mail, *see* Section 39.2(a)(1)-(3); N.T. at 9-10; O.R. at 83-84; (2) City provided print outs of tracking information from the USPS website indicating that the Rule Returnable was in fact sent to Frempong at multiple addresses of record, N.T. at 11-12; O.R. at 85-119; and (3) the City filed affidavits of service and posting showing that the Rule Returnable was mailed and posted as required by the MCTLA, O.R. at 83-85; 120.[7] Based on these findings, the trial court concluded that Frempong was properly notified of the Rule Returnable as required by Section 39.2 of the MCTLA. The trial court, as the finder of fact, has the exclusive authority to weigh evidence, make credibility determinations and draw reasonable inferences from the evidence presented. *Picknick v. Wash. Cty. Tax Claim Bureau*, 936 A.2d 1209, 1212 n.1 (Pa. Cmwlth. 2007). The uncontroverted, credible evidence of record supports the trial court's decision that the City followed the notice requirements set forth in Section 39.2 of the MCTLA. *See City of Philadelphia v. Robinson*, 123 A.3d 791, 796 (Pa. Cmwlth. 2015) (service by first-class mail, coupled with affidavits of service and posting, satisfy the notice requirements of Section 39.2 of the MCTLA).

---

[7] *See also supra* note 3.

6

Frempong nevertheless asserts that Gonzalez admitted during the hearing that the Rule Returnable sent to him was returned as uncollected and unclaimed, and thus, his due process rights were violated.[8] First, Section 39.2(a) only requires mailing of the Rule Returnable to the address or addresses of record, which, as stated above, the City did in this case. Section 39.2(a)(1)-(3); N.T. at 9-10; O.R. at 83-84. The fact that the Rule Returnable was returned is not relevant, as Section 39.2(a)(3) provides that "[s]ervice of notice pursuant to this section shall be deemed accomplished on the date of mailing." 53 P.S. § 7193.2(a)(3); *see also City of Philadelphia v. Jones*, ___ A.3d ___ (Pa. Cmwlth., No. 1457 C.D. 2018, filed November 20, 2019), slip op. at 14 (stating, "the City's regular and certified mailings of the Tax Claim and Rule to the Record Address . . . and the [p]roperty, along with the posting at the [p]roperty, satisfied Section 39.2(a) of the MCTLA"). Further, Frempong does not explain to which, if any, of the nine addresses the Rule Returnable was sent that bear his name were incorrect, nor does he offer an alternative address and explain why the alternative is correct. Second, although Frempong claims that he did not receive the Rule Returnable, he did not, as noted by the trial court, testify at the hearing or present any witnesses, documents or other evidence to refute the City's evidence that he was properly served with the Rule Returnable. Thus, based on the credible evidence of record detailed above, we discern no error and find no abuse of discretion in the trial court's determination that the City properly notified Frempong of the Rule Returnable hearing as required by the MCTLA. *See Robinson*, 123 A.3d at 796.

Frempong also argues that the trial court erred by failing to grant a stay of the Rule Returnable hearing because of his pending BRT appeals. Frempong's

[8] Our review of the record indicates that a total of six of the Rules Returnable were unclaimed or undeliverable and returned to the sender.

*nunc pro tunc* BRT assessment appeals were filed in September of 2017, three months after the Rule Returnable was issued in June of 2017.[9]  Notably, in support of his position, Frempong cites only authority regarding the purpose of a sheriff's sale and cites no support for the proposition that pending BRT appeals stay proceedings for the collection of taxes.  Contrary to Frempong's assertion, a pending assessment appeal does not stay the collection of taxes.

Section 518.1(a) of The General County Assessment Law[10] states, in relevant part:

> Any owner of real estate or taxable property in this Commonwealth, who may feel aggrieved by the last or any future assessment or valuation of his real estate or taxable property, may appeal from the decision of . . .  the board of revision of taxes . . . . Provided, however, [t]hat the appeal shall not prevent the collection of the taxes complained of, but in case the same shall be reduced, then the excess shall be returned to the person or persons who shall have paid the same.

---

[9] In his BRT assessment appeals, attached as Exhibit A to his Motion for Extraordinary Relief seeking a stay of the Rule Returnable hearing, Frempong asserts that he should be allowed to appeal his tax assessments *nunc pro tunc* because he was not properly notified of the assessments.  O.R. at 55-57.  We note that Section 14(a) of what is commonly known as the First Class County Assessment Law, Act of June 27, 1939, P.L. 1199, *as amended*, 72 P.S. § 5341.14(a), provides that appeals from real estate assessments must be taken prior to the first Monday in October of the year preceding the year in which the revised assessment will take effect.  *See also Lincoln Phila. Realty Assocs. v. Bd. of Revision of Taxes*, 758 A.2d 1178 (Pa. 2000) (a court has no jurisdiction to address a question of exemption or accuracy of assessment when a taxpayer fails to file timely appeals as prescribed by the applicable county assessment law, as taxing bodies cannot be left open indefinitely to retrospective claims).

[10]Act of May 22, 1933, P.L. 853, *as amended*, added by the Act of December 28, 1955, P.L. 917, 72 P.S. § 5020-518.1(a).

72 P.S. § 5020-518.1(a). As such, the collection of taxes is not stayed, and the outcome of Frempong's BRT appeals would have no impact upon the Rule Returnable hearing.[11] Therefore, we find no error or abuse of discretion in the trial court's refusal to stay the Rule Returnable hearing because of Frempong's pending BRT appeal.

Accordingly, we affirm.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[11] Frempong's BRT appeals concern only tax years 2014 through 2017, and the Tax Petition filed by the City covers years 1997 through 2018. In other words, as the trial court noted, Frempong's BRT appeals cover only 4 of 22 years of unpaid taxes. Trial Court Opinion at 3, n.2. The trial court noted that even if Frempong's BRT appeals produced a favorable result, the more than $46,405.18 in taxes owed would be reduced by only a small fraction. Trial Court Opinion at 3, n.2. Further, in the event that taxes are reduced as the result of an appeal, any excess tax that Frempong paid would be returned to him. *See* 72 P.S. § 5020-518.1(a).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| City of Philadelphia | : | |
| | : | |
| v. | : | |
| | : | |
| Stephen A. Frempong, | : | No. 228 C.D. 2018 |
| Appellant | : | |

O R D E R

AND NOW, this 22nd day of January, 2020, the order of the Court of Common Pleas of Philadelphia County dated January 18, 2018, is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge