In Re: Sale of Real Estate by Venango County Tax Claim Bureau for 1977 Delinquent Taxes— Sale of 1979. James O. Hite, Appellant.

610

Argued May 3, 1982, before President Judge CRUM-LISH, JR. and Judges WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*James Bukac,* with him *Edith Benson* and *David M. Axinn,* for appellant.

*Frank R. Riddle,* for appellee.

OPINION BY JUDGE DOYLE, September 8, 1982:

James O. Hite (Appellant) appeals here from an Adjudication of the Court of Common Pleas of Venango County which dismissed his exceptions to a consolidated return filed by the Venango County Tax Claim Bureau (Bureau) pursuant to the provisions of Section 607 of the Real Estate Tax Sale Law (Law), Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. §5860.607. We affirm.

The underlying facts in this case are undisputed. Prior to 1975, Appellant was the owner of a property located in Mineral Township, Venango County, and also the owner of another property located in Rockland Township, Venango County. In 1975, Appellant conveyed his Rockland Township property to a Mr. Jack Parker, but continued to use the property pur-

suant to an informal agreement with Mr. Parker, and paid the 1976 real estate tax on this property with funds supplied by Mr. Parker.

In 1979, after it failed to receive any payment for 1977 real estate taxes on Appellant's Mineral Township property, the Bureau informed Appellant, by posting notice on his property, and by sending him a letter, that it intended to sell the Mineral Township property for back taxes. In its letter to Appellant, the Bureau also informed him that the Rockland Township property was on the list of proposed tax sales. Upon receiving this letter, Appellant contacted the Bureau, and was informed that $91.12 was due on the Mineral Township property for unpaid 1977 taxes, and that a total of $227.63 was due on the Rockland Township property for unpaid 1977 and 1978 taxes. Appellant subsequently contacted Mr. Parker, received $227.63 from him, and paid this amount to the Bureau on August 31, 1979, receiving receipts indicating that the payment had been for the outstanding 1977 and 1978 taxes on the Rockland Township property. The Bureau subsequently sent two more letters to Appellant reminding him that the Mineral Township property would be the subject of a tax sale. The court of common pleas found as fact, however, based on the testimony of Appellant, that (1) Appellant failed to read the receipts issued to him by the Bureau, and that (2) Appellant did not read the two subsequent letters from the Bureau until Friday, September 7, 1979, because he had neglected to pick up his mail prior to that date. The court further found that Appellant had attempted to contact the Bureau on September 7, 1979, after it had closed for the weekend, and that Appellant attempted to tender payment of his taxes on Monday, September 10, 1979, immediately following the tax sale of his property, but that the tendered payment was rejected for being too late.

Before this Court, Appellant points to his testimony, apparently accepted by the court below, that he thought his August 31, 1979, payment of funds received from Mr. Parker would be credited against the tax liabilities of his Mineral Township property, and argues that the court of common pleas should have therefore vacated the tax sale of his property since he made a "good faith" effort to pay his taxes. We disagree.

It is clear that the only acceptable basis for setting aside a tax sale on exceptions is a finding by a court that the proceedings of the bureau involved in the sale were irregular or illegal. Section 607(d) of the Law, 72 P.S. §5860.607(d). To hold otherwise, as Appellant would apparently have us do, would be contrary to the "dominant purposes of the Real Estate Tax Sale Law [which are] to provide speedier and more efficient procedures for enforcing tax liens and to improve the quality of titles obtained at a tax sale." *Roeting v. County of Lancaster,* 42 Pa. Commonwealth Ct. 315, 318, 401 A.2d 580, 581 (1979) (quoting *Povlow v. Brown,* 12 Pa. Commonwealth Ct. 303, 307, 315 A.2d 375, 377 (1974)). Here, the record clearly shows that the Bureau fully complied with the provisions of the Law, and was in no way responsible for Appellant's mistaken belief that he had paid the outstanding taxes on his property. Accordingly, we believe the court of common pleas properly rejected Appellant's exceptions, and we will therefore enter the following

ORDER

Now, September 8, 1982, the Adjudication of the Court of Common Pleas of Venango County, dated May 29, 1980, and docketed at C.P.P.D. No. 181-1979, is affirmed.