**Carl E. MILLER, Jr., Appellant**

v.

**CLINTON COUNTY TAX CLAIM BUREAU and David D. Wilson and Carlita M. Wilson.**

Commonwealth Court of Pennsylvania.

Argued Sept. 14, 2006.

Decided Oct. 17, 2006.

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 998. This Section was added by

Section 3 of the Act of February 8, 1972, P.L. 25.

Lewis G. Steinberg, Lock Haven, for appellee, Clinton County Tax Claim Bureau

Frank S. Miceli, Lock Haven, for appellee, David D. Wilson and Carlita M. Wilson.

BEFORE: PELLEGRINI, Judge, COHN JUBELIRER, Judge, LEAVITT, Judge.

OPINION BY Judge PELLEGRINI.

Carl E. Miller (Miller) appeals an order of the Court of Common Pleas of Clinton County (trial court) denying his petition to set aside the tax sale of Leased Forest Campsite 10–C–372 (Property) to David and Carlita Wilson (collectively, the Wilsons) by the Clinton County Tax Claim Bureau (Tax Claim Bureau).

The Clinton County Assessment Office had recorded Jerrold Kendrig (Kendrig) as the lease owner of the Property since tax year 1983. In 2003, Kendrig assigned the Property to Miller, and the assignment was approved by the Department of Conservation and Natural Resources' Bureau of Forestry (Bureau of Forestry) on April 27, 2004. Paragraph 9 of the Bureau of Forestry's "Guidelines for Leased Forest Campsites" states as follows:

> TAXES AND RESPONSIBILITIES: Buildings erected under a lease of State Forest land are considered as real estate for taxation purposes. *It is the LESSEE'S responsibility to notify the County Treasurer or Tax Collector when he (the LESSEE) acquires a building on State Forest land and notify them of any changes of address.* Local authorities can sell the buildings on a leased premises for non-payment of local taxes and this is sufficient cause for the [Bureau of Forestry] to terminate the lease. (Emphasis added.)

Miller never notified the County Treasurer about the assignment of the lease

because he was unfamiliar with the rules and regulations adopted by the Bureau of Forestry regarding state forest camp leases and his obligations under them and also believed that real property taxes were not owed because the Commonwealth **owned** the underlying fee.

When Property taxes were not paid on the Property for the 2003 and 2004 tax years, the Tax Claim Bureau sent multiple notices to Kendrig's address. The Notice of Return and Claim, dated March 10, 2005, was sent by certified mail and signed "received" by Kendrig on March 29, 2005. A Notice of Public Sale dated July 15, 2005, was sent by certified mailed and signed "received" by Kendrig on July 23, 2005. A second Notice of Public Sale, not required by law because a return receipt had been received, was sent to Kendrig by first class mail on September 7, 2005. None of these mailings were returned to the Tax Claim Bureau. Kendrig did not forward these notices to Miller. Notice of the tax sale was also published in two newspapers of general circulation and was posted on the Property on August 18, 2005. On September 19, 2005, the Tax Claim Bureau sold the Property at a tax sale to the Wilsons for $2,700. Notice that the sale took place was also mailed to Kendrig on September 22, 2005, which was signed for and accepted by Kendrig on September 22, 2005.

◼◼◼ Upon learning that his leasehold had been sold, Miller filed a Petition to Set Aside Tax Sale. The trial court denied the motion, indicating that while sympathetic with Miller's situation, the Tax Claim Bureau complied with the tax sale notice requirements set forth in Section 602 of the Real Estate Tax Sale Law (Tax Sale Law), Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. § 5860.602.[1] Miller filed a motion for reconsideration, exceptions and a motion for post-trial relief, which were denied without comment by the trial court. This appeal followed.[2]

Miller contends that even though the Tax Claim Bureau admittedly gave notice to the registered owner of the camp buildings as required by Section 602 of the Tax Sale Law, his due process right under the Fourteenth Amendment to the United States Constitution[3] and Article I, Section

---

**1.** Section 602 of the Tax Sale Law requires a tax claim bureau to provide three separate methods of notification to the property owner: (1) publication of the tax sale at least 30 days prior to the sale; (2) notification of the sale to each owner by certified mail at least 30 days in advance of the sale; and (3) posting notice of the sale on the property at least 10 days prior to the sale. 72 P.S. § 5860.602(a)-(e); *Krawec v. Carbon County Tax Claim Bureau*, 842 A.2d 520 (Pa.Cmwlth.2004). The tax claim bureau has the burden of proving compliance with these notice requirements, *Geier v. Tax Claim Bureau of Schuylkill County*, 570 A.2d 134 (Pa.Cmwlth.1990), and the notice provisions are to be strictly construed. *Ban v. Tax Claim Bureau of Washington County*, 698 A.2d 1386 (Pa.Cmwlth.1997). A presumption of regularity attaches to tax sales; however, a property owner can overcome this presumption whenever he or she states a pri-

ma facie challenge to the sale based on the agency's non-compliance with statutory tax sale requirements. *Michener v. Montgomery County Tax Claim Bureau*, 671 A.2d 285 (Pa. Cmwlth.1996); *see also Krawec.*

**2.** Our scope of review in tax sale cases is limited to determining whether the trial court abused its discretion, clearly erred as a matter of law, or rendered a decision unsupported by the evidence. *Hunter v. Washington County Tax Bureau*, 729 A.2d 142 (Pa.Cmwlth.1999).

**3.** U.S. CONST. amend. XIV, § 1 states in relevant part: "... No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law ..."

1 of the Pennsylvania Constitution[4] were violated. He contends that before commencing with the tax sale, the Tax Claim Bureau failed to "provide with notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the act and afford them an opportunity to present their objections." *Jones v. Flowers*, 547 U.S. ——, 126 S.Ct. 1708, 164 L.Ed.2d 415 (2006) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)). He contends that because of the unique nature of the land lease, the Tax Claim Bureau could not rely on the regularity of its records when leased property was put up for tax sale requiring it to ascertain from the Bureau of Forestry who "owned" the lease before putting leased property up for sale.

*In re Tax Sale of Real Property situated in Jefferson Township (Appeal of Ruffner)*, 828 A.2d 475, 479 (Pa.Cmwlth.2003), we set forth the efforts a tax claim bureau had to undertake to comply with due process stating:

> A taxing bureau's duty to investigate such matters is confined to determining the owners of record and then to use ordinary common sense business practices to ascertain proper addresses where notice of the tax sale may be given. Where notice is obviously not effectively reaching the owners of record, the taxing bureau must go beyond the mere ceremonial act of notice by certified mail. However, due process does not require the taxing bureau to perform the equivalent of a title search or to make decisions to quiet title. (Citations and footnotes omitted.)

In this case, the Tax Claim Bureau sent multiple notices to Kendrig, the record owner of the leasehold. Absent awareness that another party may have had an interest in the property, the Tax Claim Bureau satisfied its obligation to give notice to whom it was due. Due process does not require a tax claim bureau to investigate whether there is some unrecorded interest that changes ownership or some other person may have an interest in the property, but only to give notice to the individuals who have put the taxing authorities on notice that they have an interest in the property. To be entitled to notice, Miller should have complied with the guidelines set forth in the Bureau of Forestry's Guidelines and notified the County Treasurer that he was the leaseholder.

Accordingly, because the Tax Claim Bureau had no reason to believe that the ownership of the lease had changed, the trial court did not abuse its discretion in not setting aside the tax sale, and its decision is affirmed.

### *ORDER*

AND NOW, this *17th* day of *October*, 2006, the order of the Court of Common Pleas of Clinton County, dated January 6, 2006, is affirmed.

---

**4.** PA. CONST. art. I, § 1 provides as follows: "All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness."