IN THE COMMONWEALTH COURT OF PENNSYLVANIA


Delaware County Tax Claim Bureau      :
 :
 :
        v.           : No.  764 C.D. 2019
 : Argued:  June 12, 2020
Ansumane Bility,          :
            Appellant    :


BEFORE:   HONORABLE ANNE E. COVEY, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge
               HONORABLE J. ANDREW CROMPTON, Judge


<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE CROMPTON               FILED:  July 23, 2020


         Ansumane Bility (Objector) appeals an order from the Court of Common Pleas of Delaware County (trial court) affirming the upset tax sale of 67 North Sycamore Street, Clifton Heights, Pennsylvania (Property).  Objector asserts that the trial court erred in denying Objector's Petition to Set Aside Tax Sale of Real Estate (Petition) and that this denial was an abuse of discretion.  Objector argues that Delaware County Tax Claim Bureau (TCB) violated the notice requirements for an upset tax sale as set forth in the Real Estate Tax Sale Law (RETSL), specifically 72

P.S. §§ 5860.607(a) & 5860.611.[1,2,3] Alphia Amponsah (Purchaser) intervenes in this appeal.[4] Discerning no error below, we affirm.

---

[1] Section 607(a) of the RETSL, Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. § 5860.607(a), reads:

> (a) It shall be the duty of the bureau, not later than sixty (60) days after a sale was held, to make a consolidated return to the court of common pleas of the county, wherein it shall set forth, (1) a brief description of each property exposed to sale, (2) the name of the owner in whose name it was assessed, (3) the name of the owner at the time of sale, and to whom notice by mail was given as provided by this act, (4) a reference to the record of the tax claim on which the sale was held, (5) the time when and the newspapers in which the advertisement for sale was made, with a copy of said advertisement, (6) the time of sale, (7) the name of the purchaser, if any, and (8) the price for which each property was sold, or that no bid was made equal to the upset price and the property was not sold. Within thirty (30) days of presentation of the consolidated return, if it shall appear to said court that such sale has been regularly conducted under the provisions of this act, the consolidated return and the sales so made shall be confirmed nisi. No consolidated return shall be made to the court until notice has been given to the owner under subsection (a.1)(1).

[2] Section 611 of the RETSL, 72 P.S. § 5860.611, reads:

> Service of the rule shall be made in the same manner as writs of scire facias are served in this Commonwealth. When service cannot be made in the county where the rule was granted, the sheriff of the county shall deputize the sheriff of any other county in this Commonwealth, where service can be made. If service of the rule cannot be made in this Commonwealth, then the rule shall be served on the person named in the rule by the sheriff, by sending him, by registered mail, return receipt requested, postage prepaid, at least fifteen (15) days before the return day of the rule, a true and attested copy thereof, addressed to such person's last known post office address. The sheriff shall attach to his return, the return receipts, and if the person named in the rule has refused to accept the registered mail or cannot be found at his last known address, shall attach evidence thereof. This shall constitute sufficient service under this act.

[3] Section 611 of the RETSL refers to the process of judicial sale, not upset tax sale, which is at issue in the present case. Accordingly, the trial court based its finding on Section 601(a) of

**(Footnote continued on next page…)**

2

# I.    Background

Objector was the record title holder of the Property up until the upset tax sale held by the TCB on December 13, 2018. Objector's Br. at 6. At the time of sale, Objector owed delinquent real estate taxes for the 2016 tax year, in the amount of $4,261.81. *Id.* The Property was sold to Purchaser at the upset tax sale for $10,588.00. *Id.* at 7.

The Property had previously been scheduled for an upset tax sale on September 13, 2018. Purchaser's Br. at 1. However, on September 12, 2018, Objector appeared at the TCB to request a continuance of the upset tax sale. *Id.* On that date, Objector entered into a "Special Payment Agreement" to continue the sale until December 13, 2018. *Id.* The "Special Payment Agreement," which was signed and dated by Objector on September 12, 2018, and at which time Objector paid $3,000.00 of the $4,261.81 total outstanding taxes, required that all delinquent taxes from the 2016 tax year be paid by December 10, 2018. Purchaser's Br., Ex. A at 23-24.

---

the RETSL, 72 P.S. § 5860.601(a), which outlines service requirements for an upset tax sale. Section 601(a) of the RETSL reads:

> (a) The bureau shall schedule the date of the sale no earlier than the second Monday of September and before October 1, and the sale may be adjourned, readjourned or continued. No additional notice of sale is required when the sale is adjourned, readjourned or continued if the sale is held by the end of the calendar year. The bureau may, for convenience and because of the number of properties involved, schedule sales of property in various taxing districts or wards on different dates. Except as otherwise provided in this article, all sales shall be held by the bureau by the end of the calendar year.

Objector raises the issue of 72 P.S. § 5860.611 for the first time before this Court. As this issue is both irrelevant and untimely, this Court does not discuss this issue within its analysis.

[4] The TCB did not file a brief with the Court in this appeal. However, Purchaser submitted a brief with the Court in his role as Intervenor-Appellee in this appeal.

After entering into the "Special Payment Agreement," Objector failed to pay the remainder of the delinquent taxes. Purchaser's Br. at 1. On November 27, 2018, the TCB sent a Courtesy Notice as a reminder that the Property was scheduled for a continued upset tax sale on December 13, 2018, at 9:00 a.m. *Id.* The Courtesy Notice read "Please pay 2016 taxes in full by December 12, 2018 to avoid the property being sold at tax sale." *Id.*

Objector did not pay the outstanding taxes due on the Property by the deadline provided in the "Special Payment Agreement" or the Courtesy Notice. *Id*. Following the sale of the Property on December 13, 2018, Objector appeared at the TCB to make the final payment on his delinquent taxes at which time he was informed that the Property had been sold to Purchaser. Objector's Br. at 5. Objector filed the Petition on January 11, 2019. A hearing was held by the trial court on April 15, 2019, and an order denying the Petition was issued on May 6, 2019. Objector now appeals to this Court.

## II.    Discussion

On appeal,[5] Objector argues that the trial court committed an error of law and abused its discretion when it denied Objector's Petition. Specifically, Objector alleges that the TCB did not comply with the notice requirements of Section 607 of the RETSL, 72 P.S. § 5860.607. Objector asserts that the TCB did not make a reasonable effort to notify him about the impending tax sale of the Property. Purchaser counters that Objector stipulated on the record that the TCB

---

[5] Our review in a tax sale case is limited to determining whether the trial court abused its discretion, committed an error of law, or rendered a decision unsupported by the evidence. *Montgomery Cty. Tax Claim Bureau v. Queenan*, 108 A.3d 947 (Pa. Cmwlth. 2015).

4

properly gave certified mail notice to Objector. *See* Reproduced Record (R.R.) at 11-12.

## A. Trial Court Denial of Petition as Error of Law

"Generally, tax sales are presumed valid." *Barylak v. Montgomery Cty. Tax Claim Bureau*, 74 A.3d 414, 416 (Pa. Cmwlth. 2013) (citing *Miller v. Clinton Cty. Tax Claim Bureau*, 909 A.2d 461, 463 (Pa. Cmwlth. 2006)). "The only acceptable basis for setting aside a tax sale on exceptions is a finding by a court that the proceedings of the bureau involved in the sale were irregular or illegal." *In re Sale of Real Estate by Venango Cty. Tax Claim Bureau*, 449 A.2d 879, 881 (Pa. Cmwlth. 1982). Objector argues that the tax sale of the Property on December 13, 2018, should be set aside as illegal due to lack of proper notice by the TCB.[6,7]

At trial, on April, 15, 2019, Objector stipulated on the record that the TCB strictly complied with its mailed, posted, and published notice of sale:

---

[6] Objector cites Section 607 of the RETSL, 72 P.S. § 5860.607, stating that the RETSL requires that if "there are circumstances raising a significant doubt as to the actual receipt of the notification of the named addressee … then before the tax sale can be conducted or confirmed, the bureau must exercise reasonable efforts to discover the whereabouts of such person or entity and notify him." Objector's Br. at 7. This provision addresses the notice requirements after the property is sold. As the Objector raises the issue of proper notice prior to the upset tax sale of the Property, 72 P.S. § 5860.607 is not relevant to this appeal. The trial court also found this issue, along with Objector's issue regarding Section 603 of the RETSL, 72 P.S. § 5860.603, to be waived on appeal as it was not raised within Objector's Petition or at the hearing. R.R. at 6. On appeal to this Court, Objector does not challenge the trial court's determination that Objector waived any claim under Section 603 of the RETSL.

[7] Objector also cites Sections 602 and 610 of the RETSL, 72 P.S. §§ 5860.602 & 5860.610, for the first time on appeal to this Court. As these additional issues are untimely and were not raised within Objector's Petition, we do not consider these issues within this analysis. *See* Objector's Br. at 7.

Mr. Dignazio [Counsel for Intervenor]: We can place on the record a stipulation between Counsel that the [TCB] properly gave certified mail notice to [Objector], the owner, at his address… 100 North Front Street, Darby, PA 19023, as required by the Pennsylvania [RETSL]; that the [TCB] properly posted the subject property, 67 North Sycamore Avenue, Clifton Heights, as required by the Pennsylvania [RETSL]; and that the . . . [TCB] properly published Notice of Advertisement in … two newspapers of general circulation as well as the Delaware County Legal Journal, as required by … the [RETSL]. So, in essence, this matter is limited to the factual Petitions, the factual averments, set forth in the Petition to Set Aside Tax Sale, which all deal with an agreement to extend the date from September to December. Have I accurately stated that?

Mr. Babler [Counsel for Objector]: That's correct.

Mr. Dignazio: So we have a stipulation that the [TCB] did everything required by them [sic] under the statute.

The Court: Mr. Babler? … do you agree with Mr. Dignazio's… understanding of the stipulation?

Mr. Babler: Yes, as far as the original sale date. . . .

R.R. at 11-12.

Therefore, while Objector presents global arguments about notice requirements that were not met by the TCB, at issue on appeal is whether Objector was given proper notice of the continued tax sale date set for December 13, 2018. However, Objector was made aware of the continued tax sale by the TCB on two occasions, each supported by the record.[8] First, on the second page of the "Special

---

[8] Objector does not provide copies of the "Special Pay Agreement" or the Courtesy Notice within the Reproduced Record. However, the testimony of Ms. Janine Heinlein, the TCB Upset Price Sale Coordinator, regarding both documents is included in the transcript of the April 15, 2019 trial court proceedings in the Reproduced Record at 8-38.

6

Payment Agreement," entered into by Objector with the TCB on September 12, 2018, Objector signed and dated the statement: "If the agreement is followed … we will continue the sale to December 13, 2018 at 9 AM in the County Council Room." Purchaser's Br., Appendices at 24. Second, in a letter dated November 27, 2018, Objector was advised: "This letter is to remind you the above mentioned property is scheduled for the **Continued Upset Price Sale on December 13, 2018[,] at 9[:00] a[.]m**. Please pay taxes in full by December 12, 2018 to avoid the property being sold at tax sale." Purchaser's Br., Ex. A at 25 (emphasis in original). The letter: was addressed to Objector; drafted on TCB letterhead; referenced the Property; and signed by Janine Heinlein, the TCB Upset Price Sale Coordinator. *See id.*

While "[Objector] testified that no one ever told him that the Upset Price Tax Sale's date was December 13, 2018" and that he did not receive any mailing, at trial, Ms. Heinlein testified to both instances of notice. R.R. at 3-4, 17-20. Ms. Heinlein stated: "The date is listed on the back [of the "Special Pay Agreement"] where he signed." R.R. at 18. "I sent [the Courtesy Notice]… to the mailing address and the property address." R.R. at 19.

Although the record demonstrates that Objector was aware of the Property's date of continued tax sale, the trial court further assessed the duties of the TCB under the law. Citing Section 601(a) of the RETSL, 72 P.S. § 5860.601(a), the trial court stated:

> The bureau shall schedule the date of the sale no earlier than the second Monday of September and before October 1, and the sale may be adjourned, readjourned, or continued. **No additional notice of sale is required when the sale is adjourned, readjourned or continued if the sale is held by the end of the calendar year.**

7

(emphasis added in trial court opinion) R.R. at 5 (citing Section 601(a) of the RETSL, 72 P.S. § 5860.601(a)).

Therefore, even if Objector had not received notice of the continued sale date, December 13, 2018, for the Property, the TCB was not required by statute to provide additional notice. In tax sale cases, appellate review is limited to determining whether the trial court abused its discretion, rendered a decision without supporting evidence, or clearly erred as a matter of law. *Husak v. Fayette Cty. Tax Claim Bureau*, 61 A.3d 302, 306 (Pa. Cmwlth. 2013). The trial court found that the TCB complied with the relevant notice requirements under the RETSL with supporting evidence in the record. Therefore, the trial court did not commit an error of law by denying Objector's Petition.

### B. Trial Court Denial of Petition as Abuse of Discretion

"As finder of fact, the trial court has exclusive authority to weigh the evidence, make credibility determinations and draw reasonable inferences from the evidence presented." *Barylak*, 74 A.3d at 417. The trial court found that as a result of the evidence and testimony presented, most obviously the "Special Payment Agreement" and Courtesy Notice, Objector was aware of the continued sale date of December 13, 2018, for the Property. The conclusion that Objector had notice of the upset tax sale date was a reasonable determination drawn from the evidence. Therefore, the trial court did not abuse its discretion in making its decision to deny Objector's Petition.[9]

---

[9] This Court's analysis under heading "II. A. Trial Court Denial of Petition as Error of Law" is incorporated in full within the abuse of discretion issue under heading "II. B. Trial Court Denial of Petition as Abuse of Discretion." While an analysis of whether the trial court committed **(Footnote continued on next page…)**

### III.    Conclusion

The evidence presented at trial and in the record supports the trial court's finding that Objector had notice of the December 13, 2018, continued tax sale date and that the TCB met the notice requirements for an upset tax sale as set forth in the RETSL.  The trial court did not commit an error of law or abuse its discretion in denying Objector's Petition.  Discerning no error below, we affirm.

_____
J. ANDREW CROMPTON, Judge

---

an error of law and/or abused its discretion may occur simultaneously, we include separate sections for each issue per the request of Objector.

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Delaware County Tax Claim Bureau      :
     :
             v.                      : No.  764 C.D. 2019
     :
Ansumane Bility,      :
                 Appellant      :

## **O R D E R**

**AND NOW**, this 23rd  day of July 2020, we **AFFIRM** the decision of the Court of Common Pleas of Delaware County.


_____

J. ANDREW CROMPTON, Judge