IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gregory Bertino,                                   :
                        Appellant                  :
                                                   :    No.   705 C.D. 2022
        v.                                         :
                                                   :    Submitted: November 6, 2023
Tax Claim Bureau of Bucks County   :


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE MARY HANNAH LEAVITT, Senior Judge

***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                          FILED: December 12, 2023


        Gregory Bertino (Bertino) appeals from the June 1, 2022 order of the
Court of Common Pleas of Bucks County (trial court), which denied Bertino's Petition
to Set Aside Sheriff Tax Sale Numbers: (21-020-045), (02-040-027), and (05-024-084-
001) (Petition).  After review, we affirm.

## I. Facts and Procedural History

        This action arises out of a tax upset sale of three parcels owned by Bertino:
(1) parcel 05-024-084-001 (Norway Avenue); (2) parcel 21-020-045 (4 East Bristol
Road); and (3) parcel 02-040-027 (3727 Hulmeville Road).  (Trial Court Pennsylvania
Rule of Appellate Procedure (Pa.R.A.P.) 1925(a) Opinion (Trial Ct. Op.) at 1.)  The
three parcels are referred to herein collectively as "the Properties," and individually
they are referred to by address. According to Bertino, the Norway Avenue parcel was
subject to the upset sale for non-payment of real estate taxes for the years 2013-2018,
the 4 East Bristol Road parcel was subject to the upset sale for non-payment of real
estate taxes for the years 2014-2018, and the Hulmeville Road parcel was subject to

the upset sale for non-payment of real estate taxes for the years 2014-2018. *Id.* Because Bertino's Petition was based solely upon his allegation that he did not receive notice of the tax sale, much of the evidence produced by the parties came from the underlying case, *In re: Upset Sale, Tax Claim Bureau of Bucks County, PA for the Year 2018* (C.C.P Bucks County, No. 2019-02119, decided June 1, 2022). *Id.* at 2. In that case, the Properties were originally scheduled for sale on September 18, 2018. *Id.* At the request of Bertino's attorneys, the September 18, 2018 sale was postponed until December 11, 2018. *Id.* After the Tax Claim Bureau of Bucks County (TCB) agreed to postpone the sale until December 11, 2018, Bertino's attorneys confirmed, in two separate letters, that Bertino and the attorneys had actual notice of the new sale date of December 11, 2018. *Id.* Anthony Malinowski and Marek Tchorzewski (Tax Sale Purchasers) purchased the Properties at the tax upset sale held on December 11, 2018. *Id.* Following the sale, TCB sent notice of the sale to Bertino. *Id.*

On or about January 17, 2019, John Torrente, Esquire, solicitor to TCB, filed a Consolidated Return setting forth all the facts related to notice with respect to the Properties and all other properties subject to the tax sale. *Id.* On January 25, 2019, relying upon the Consolidated Return, the trial court entered a Decree *Nisi*. *Id.* Bertino filed no objection or exception to the Decree *Nisi*, and the Decree was confirmed absolute on February 19, 2019. *Id.* On or about March 26, 2021, Tax Sale Purchasers transferred the Norway Avenue parcel to Levins Group, LLC (Levins Group). *Id.*

On March 29, 2019, more than three months after the sale, Bertino filed the Petition. *Id.* On April 9, 2019, a Rule to Show Cause was issued by the trial court. *Id.* at 3. The Rule to Show Cause was returnable April 29, 2019. *Id.* On April 24, 2019, TCB filed an Answer to the Petition in which TCB denied every allegation set forth by Bertino in the Petition. *Id.* On January 9, 2021, Roderick Foxworth, Jr.,

2

Esquire, entered his appearance on behalf of Bertino. *Id.* By Order dated October 8, 2021, Levins Group was granted leave to intervene. *Id.* It thereafter filed an "Answer of Intervenor, Levins Group [], to [Bertino's] Complaint with New Matter" on October 12, 2021, in which it denied nearly all of the allegations set forth in the Petition. *Id.*

For nearly three years after the entry of the Rule to Show Cause on April 9, 2019, Bertino made no effort to move the matter before the trial court for a decision. *Id.* On February 21, 2022, Levins Group filed a "Praecipe to Dismiss . . . Bertino's Petition to Set Aside Sheriff Tax Sale Under Bucks County Local Rule 208.3(b)(5)." *Id.* On April 4, 2022, the trial court *sua sponte*, issued an Order for Hearing scheduling all open matters for a hearing and providing the parties with time to file additional Memoranda of Law. *Id.* For the convenience of the parties, the trial court continued the hearing date and extended the briefing schedule. *Id.* By Order dated June 1, 2022, pursuant to a Stipulation of the parties, Tax Sale Purchasers were granted leave to intervene, and a hearing was held that same day. *Id.*

At the hearing, Bertino testified, and TCB and Levins Group offered several pieces of evidence, all of which were admitted without objection. *Id.* at 4. At the conclusion of the hearing, based upon the testimony of Bertino, the trial court denied and dismissed the Petition and entered an Order dated June 1, 2022. *Id.*

On July 6, 2022, Bertino filed a Notice of Appeal which, despite a Certificate of Service indicating to the contrary, was never served on the trial court. *Id.* After being notified by the trial court's Prothonotary that an appeal had been filed, the trial court, pursuant to Pa.R.A.P 1925(b),[1] entered an Order on July 22, 2022 requiring

---

[1] Pa.R.A.P. 1925(b)(2) states as follows:

> *Time for filing and service.*—The judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the

**(Footnote continued on next page…)**

Bertino to file a Concise Statement of Errors Complained of on Appeal (Concise Statement) within 21 days. *Id.* The trial court's order specified that the Concise Statement "shall be both by delivery in person to the Judge's Chambers at 100 North Main Street, Doylestown, PA 18901 AND by electronic transmission []." (Trial Court's Order 7/22/2022.) Twenty-five days later, on August 16, 2022, Bertino filed a Concise Statement. *Id.* Again, despite a Certificate of Service indicating to the contrary, the Concise Statement was not served on the trial court. *Id.* The trial court concluded that the issues on appeal were without merit and that the decision to deny and dismiss the Petition was made on the merits based on (1) the extensive briefing, (2) the exhibits to the briefs, (3) the evidence produced during the hearing on June 1, 2022, and (4) the trial court's finding that Bertino was not a credible witness. *Id.* at 20-21. More specifically, the trial court explained:

> The evidence produced at the hearing and in the briefing clearly established that TCB met all statutory requirements to provide notice of the tax sale to Bertino. Moreover, the evidence leaves no question that Bertino had actual notice of the sale and, in fact, requested that the sale take place on December 11, 2018. Despite the overwhelming evidence that Bertino had proper notice under the [Real Estate] Tax Sale Law[2], that he requested a postponement of the original sale date, and that he had actual notice of the December 11,

filing and service of the Statement. Upon application of the appellant and for good cause shown, the judge may enlarge the time period initially specified or permit an amended or supplemental Statement to be filed. Good cause includes, but is not limited to, delay in the production of a transcript necessary to develop the Statement so long as the delay is not attributable to a lack of diligence in ordering or paying for such transcript by the party or counsel on appeal. In extraordinary circumstances, the judge may allow for the filing of a Statement or amended or supplemental Statement *nunc pro tunc*.

[2] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§ 5860.601 - 5860.642.

2018 [tax sale], Bertino testified that he only received notice of the December 11, 2018 tax sale from his attorney on December 7, 2018. [Hearing Transcript] [(]Hr'g. Tr.[)] at 20. Throughout the testimony, Bertino testified that he receives mail at 572 Jefferson Avenue, Langhorne, PA 19047, *i.e.*, he confirmed that the address on file with [] TCB and where all notice [was] sent was correct. *See e.g.* [Hr'g]. Tr. at 33, 44, 57, and 77. At the conclusion of the hearing, based upon our evaluation of Bertino's appearance and demeanor at the hearing, we state, on the record, Bertino's testimony with respect to not receiving notice of the tax sale was incredible and was not to be believed. [Hr'g]. Tr. 97-98.

Trial Ct. Op. at 18.

This appeal followed.

## II. Issue

On appeal[3] to this Court, Bertino argues that the trial court erred by not setting aside the tax sale where he did not receive a reasonable, constitutional notice of the sale and offered the majority of the outstanding tax owed. Bertino therefore argues that the trial court deprived him of three parcels of real property. For its part, TCB argues that Bertino has waived the issue of improper notice because his Concise Statement was untimely filed. We address the waiver issue first.

## III. Discussion

We first consider whether the appeal must be quashed because Bertino failed to timely serve his Concise Statement on the trial judge and, therefore, waived all of the issues raised therein. Rule 1925 provides, in relevant part, as follows

**(a) Opinion in support of order.**

---

[3] Our scope of review in tax sale cases is limited to determining whether the trial court abused its discretion, erred as a matter of law, or rendered a decision unsupported by the evidence. *Miller v. Clinton County Tax Claim Bureau*, 909 A.2d 461, 463 n. 2 (Pa. Cmwlth. 2006).

5

(1) *General rule.*—Except as otherwise prescribed by this rule, upon receipt of the notice of appeal, the judge who entered the order giving rise to the notice of appeal, if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief opinion of the reasons for the order, or for the rulings or other errors complained of, or shall specify in writing the place in the record where such reasons may be found.

. . . .

**(b) Direction to file statement of errors complained of an appeal; instructions to the appellant and the trial court. . . .**

(2) *Time for filing and service.-*

(i)    The judge shall allow the appellant **at least 21 days from the date of the order's entry on the docket for the filing and service of the Statement**. . . .

(3) *Contents of order.*—The judge's order directing the filing and service of a Statement shall specify:

(i)    the number of days after the date of entry of the judge's order within which the appellant must file and serve the Statement;

. . . .

**(iv)    that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.**

(4)    *Requirements; waiver.*

. . . .

(vii)  Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.

Pa. R.A.P. 1925(a)(1); (b)(2)(i), (3)(i)(iv), (4)(vii) (emphasis added).

"Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered." *Commonwealth v. Hill*, 16 A.3d 484, 494 (Pa. 2011). "[F]ailure to comply with the minimal requirements of Pa.[ ]R.A.P. 1925(b) will result in automatic waiver of the issues raised," even where granting relief has equitable appeal. *Commonwealth v. Schofield*, 888 A.2d 771, 774 (Pa. 2005). The Supreme Court has explained that requiring "a bright-line rule eliminates the potential for the inconsistent results that existed prior to [*Commonwealth v.*] *Lord*, [719 A.2d 306 (Pa. 1998),] when trial courts and appellate courts had discretion to address or to waive issues raised in non-compliant Pa.[ ]R.A.P. 1925(b) statements." *Schofield*, 888 A.2d at 774. Accordingly, "the Rule's provisions are not subject to *ad hoc* exceptions or selective enforcement[,] appellants and their counsel are responsible for complying with the Rule's requirements." *Hill*, 16 A.3d at 494.

In *Egan v. Stroudsburg School District*, 928 A.2d 400, 402 (Pa. Cmwlth. 2007), we held that, although the appellant timely filed her concise statement, she did not serve it on a trial judge as directed and, therefore, had waived all of her issues for appellate review. We agreed, in *Egan*, with the Superior Court's rationale in *Forest Highlands Community Association v. Hammer*, 879 A.2d 223, 229 (Pa. Super. 2005), that "neither the Rules of Appellate Procedure nor the applicable case law placed the burden of locating an appellant's 1925(b) statement on the trial court." *Egan*, 928 A.2d at 402. *In Commonwealth v. $766.00 U.S. Currency*, 948 A.2d 912, 915 (Pa. Cmwlth. 2008), we reiterated that Rule 1925(b) requires that, to preserve issues for appellate review, the 1925(b) statement must be timely filed and served on a trial judge. This Court held that finding all of the appellant's issues waived for not complying with Rule 1925(b)'s requirements is consistent with "the Supreme Court's commitment to a

7

bright-line rule of waiver for failure to comply with the requirements of Rule 1925." *Id.*

Here, the trial court's July 22, 2022 order directed Bertino to file a Concise Statement within 21 days. Bertino did not file his statement until 25 days later, on August 16, 2022; therefore, it was untimely. Rule 1925(b) requires both filing of the Concise Statement and service of that statement on the trial court within the time set forth in the order. The deadlines in Rule 1925(b) are unambiguous, and a concise statement "is either timely or it is not." *Tucker v. R.M. Tours*, 977 A.2d 1170, 1173 (Pa. 2009). Because an untimely served statement "fail[s] to comply with the minimal requirements of Pa.[ ]R.A.P. 1925(b)[, it] will result in automatic waiver of the issues raised." *Schofield*, 888 A.2d at 774.

Because we conclude that all issues on appeal are waived, we affirm the trial court.[4]

_____
PATRICIA A. McCULLOUGH, Judge

---

[4] When issues are waived on appeal because an appellant failed to preserve them in the trial court, we should affirm rather than quash the appeal; quashing is appropriate where we lack jurisdiction. *See In re K.L.S.*, 934 A.2d 1244, 1246 n.3 (Pa. 2007).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gregory Bertino,  :
　　　　　Appellant  :
　　　　　　　　　　　:　No.　705 C.D. 2022
　　　v.  :
　　　　　　　　　　　:
Tax Claim Bureau of Bucks County  :

## *ORDER*

　　　　　AND NOW, this 12th day of December, 2023, the order of the Bucks County Court of Common Pleas entered June 1, 2022, hereby is AFFIRMED.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　PATRICIA A. McCULLOUGH, Judge