IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: Northumberland County | : | |
| Tax Claim Bureau Consolidated | : | No. 473 C.D. 2021 |
| Return for Scheduled Sale | : | Submitted: July 14, 2023 |
| | : | |
| Appeal of: Laticia Hoagland | : | |

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE CHRISTINE FIZZANO CANNON, Judge
HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                                          FILED:  April 12, 2024


Laticia Hoagland (Appellant), *pro se*, appeals from an order of the Northumberland County Court of Common Pleas (trial court), entered on March 25, 2021, that dismissed Appellant's objections to the upset tax sale of her residence, 253 Pine Street, Sunbury, Pennsylvania (Property), and confirmed the sale absolutely.  Upon review, we affirm.

## I. BACKGROUND[1]

On October 15, 2020, amidst the COVID-19 pandemic, the Property was sold by the Northumberland County Tax Claim Bureau (Bureau) at an upset tax sale due to unpaid taxes dating back to 2018.  During this time, the Bureau made accommodations to assist taxpayers during the pandemic.  Specifically, the Bureau postponed the deadline for paying delinquent taxes one month, established an office

---

[1] We derive this background from the trial court's order and Pa.R.A.P. 1925(a) statement, which is supported by the record.  *See* Trial Ct. Order, 3/25/21; Pa.R.A.P. 1925(a) Statement, 8/13/21.

on the first floor near the entrance of the county administration building, and made a Bureau employee available to go outside the building to collect payment.

Prior to the sale, Appellant attempted to go to the Bureau's office in the county administration building on September 21, 2020, and October 13, 2020.[2]  On September 21, 2020, Appellant was denied entry into the building by a security guard because Appellant was not in compliance with the building's COVID-19 mask policy.  On October 13, 2020, Appellant was denied entry into the building because she arrived after business hours.  Appellant did not make payment on either occasion.  On the morning of the sale, October 15, 2020, the Bureau called Appellant and left her a voicemail that she had until 10:00 a.m. to pay her delinquent taxes.  Appellant did not respond, and thus the Property was sold.

Shortly thereafter, Appellant filed objections to the sale.  A hearing on the matter was held on March 23, 2021.  At the hearing, the parties stipulated that Appellant was not challenging whether she received proper notice.  Rather, Appellant was challenging the legality and regularity of the proceedings.

On March 25, 2021, the trial court issued its order dismissing Appellant's objections and confirming the upset tax sale as absolute.  Based on the stipulations of the parties and the evidence presented, the trial court determined that the Bureau had complied with its notice obligations and that the sale was otherwise

_____

[2] There was a conflict in testimony concerning whether Appellant went to the county administration building for the first time on either September 21, 2020, or September 29, 2020. Appellant testified that she went to the county administration building on September 21, 2020. *See* Hr'g Tr., 3/23/21, at 13-15.  Also, the trial court admitted Appellant's bank receipts from both September 21, 2020, and October 13, 2020; however, the receipts from September 21, 2020, appear to be missing from the record. *See id.* at 15, Ex. 1.  Three other witnesses indicated that the events at the county administration building occurred on September 29, 2020. *See id.* at 45, 57, 59-60.  The trial court resolved this conflict, finding that Appellant went to the county administration building on September 21, 2020. *See* Trial Ct. Order, 3/25/21, at 1.

regularly conducted. Trial Ct. Order, 3/25/21, at 1. Further, the trial court found that Appellant had ample opportunity to make payment prior to the sale and that the Bureau had not interfered with her payment. *Id.* at 1-2. The court later clarified that it did not find Appellant's testimony credible regarding the events that took place at the county administration building. *See* Pa.R.A.P. 1925(a) Statement, 8/13/21, at 1.

Appellant timely appealed.[3]

## II. ISSUES

We discern two issues raised by Appellant.[4] First, Appellant asserts that she attempted to make payment, but the Bureau rejected her attempts. *See* Appellant's Br. at 6, 12-17. Second, Appellant asserts that the COVID-19 mask policy deprived her of an opportunity to pay her taxes in violation of due process. *See id.* at 7, 13-15, 17-21.

## III. DISCUSSION[5]

Tax sales are governed by the Real Estate Tax Sale Law (RETSL), Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§ 5860.101-.803. RETSL was enacted to provide "speedier and more efficient procedures for enforcing tax liens and to improve the quality of titles obtained at a tax sale." *Povlow v. Brown*, 315

---

[3] Appellant commenced this appeal with the benefit of counsel. *See* Notice of Appeal, 4/26/21. After some delay, this Court granted counsel leave to withdraw. Cmwlth. Ct. Order, 6/9/22. Appellant did not obtain new counsel and proceeds *pro se*. *See generally* Appellant's Br.

[4] In her brief, Appellant identifies three issues. *See* Appellant's Br. at 6-7. We interpret one of the issues raised in Appellant's brief as a challenge to policies adopted by the county commissioners to address the COVID-19 pandemic. *See id.* at 7, 17-20. Essentially, Appellant asserts that the commissioners interfered with the Bureau's duty to collect taxes. *See id.* We will address the impact of the policies in the second issue. However, we will not address this matter as a separate issue because the commissioners are not a party to this action.

[5] "In tax sale cases, it is well[]established that this Court[']s review is limited to determining whether the trial court abused its discretion, clearly erred as a matter of law or rendered a decision with a lack of supporting evidence." *Picknick v. Washington Cnty. Tax Claim Bureau*, 936 A.2d 1209, 1212 n.1 (Pa. Cmwlth. 2007).

3

A.2d 375, 377 (Pa. Cmwlth. 1974) (footnote omitted). "Generally, tax sales are presumed valid." *Barylak v. Montgomery Cnty. Tax Claim Bureau*, 74 A.3d 414, 416 (Pa. Cmwlth. 2013). However, a tax sale may be set aside on exceptions if a court finds that the proceedings of the tax claim bureau involved in the sale were irregular or illegal. *In re Sale of Real Est. by Venango Cnty. Tax Claim Bureau for 1977 Delinq. Taxes*, 449 A.2d 879, 881 (Pa. Cmwlth. 1982) (citing Section 607(d) of RETSL, 72 P.S. § 5860.607(d)).

## A. The Trial Court's Findings are Supported by Substantial Evidence

Appellant argues that on September 21, 2020, and October 13, 2020, she attempted to make payment that the Bureau should have accepted. *See* Appellant's Br. at 15.

"It is the trial court's exclusive province, as fact-finder, to evaluate evidence adduced at the proceedings, make credibility determinations, and draw inferences from the evidence presented." *Nguyen v. Delaware Cnty. Tax Claim Bureau*, 244 A.3d 96, 111 (Pa. Cmwlth. 2020). We defer to the trial court's credibility determinations. *Lower Bucks Cnty. Joint Mun. Auth. v. Koszarek*, 244 A.3d 54, 67 (Pa. Cmwlth. 2020). This includes the trial court's resolution of a witness's inconsistent testimony and conflicting testimony of two or more witnesses. *See Am. Refrigerator Equip. Co. v. Workmen's Comp. Appeal Bd.*, 377 A.2d 1007, 1010 (Pa. Cmwlth. 1977) (citations omitted). Accordingly, "[w]hat weight to assign evidence is a matter for the trier of fact to resolve, and it cannot be disturbed on appeal when supported by substantial evidence of record." *Aldhelm, Inc. v. Schuylkill Cnty. Tax Claim Bureau*, 879 A.2d 400, 406 (Pa. Cmwlth. 2005).

The trial court found that Appellant was not credible regarding the events at the county administration building and that Appellant failed to make

payment. Pa.R.A.P. 1925(a) Statement, 8/13/21, at 1-2. Regarding September 21, 2020, Appellant testified that she brought $1,536.48 in cash and was within four or five feet from a Bureau employee but was prevented from tendering payment because she did not have an adequate face mask. Hr'g Tr., 3/23/21, at 17-22. Appellant also denied that she attempted to pull her dress up to cover her face. *Id.* at 34.

Appellant's testimony was contradicted by Jessica Scott. Ms. Scott testified that she was four or five feet from Appellant but never saw Appellant attempt to make a cash payment to her; that Appellant was not wearing a mask; and that Appellant attempted to cover her face by pulling up her dress. *Id.* at 60-62, 66. The trial court resolved the conflicting testimony by finding Appellant not credible. *See* Pa.R.A.P. 1925(a) Statement, 8/13/21, at 1.

Regarding October 13, 2020, Appellant testified that she was told by a Bureau employee that her check from the credit union was an unacceptable form of payment. *Id.* at 24. According to Appellant, she then went to her bank to collect money orders and returned to the county administration building five minutes before it closed. *Id.* at 25-26. Appellant claimed that, despite arriving prior to closing, she was denied entry into the building. *Id.*

Appellant's testimony was uncorroborated and at odds with other evidence. Appellant did not have a copy of the check that she claims the Bureau rejected on October 13, 2020, and Ms. Scott testified that the check that Appellant claimed was rejected would have been accepted by the Bureau. *Id.* at 40, 63-64. Again, the trial court resolved the conflicting testimony by finding Appellant not credible. *See* Pa.R.A.P. 1925(a) Statement, 8/13/21, at 1.

5

Further, the trial court's finding that Appellant failed to make payment was supported by substantial evidence. Ms. Scott testified that she was four or five feet from Appellant when Appellant attempted to enter the building but never saw Appellant attempt to make a cash payment to her. Hr'g Tr., 3/23/21, at 66. Another witness, Bureau director Janel Barwick, testified that Appellant never tendered payment. *Id.* at 68-69. On this record, we defer to the trial court's findings that Appellant was not credible and failed to make payment. *See Koszarek*, 244 A.3d at 67; *Aldhelm, Inc.*, 879 A.2d at 406.

### B. The Bureau's Proceedings Did Not Violate Due Process

Appellant also contends that the COVID-19 mask policy violated due process because she was deprived of an opportunity to pay her taxes. *See* Appellant's Br. at 7, 13-15, 17-21.

"Due process is implicated in any taking of property for the collection of taxes." *Sampson v. Tax Claim Bureau of Chester Cnty.*, 151 A.3d 1163, 1167 (Pa. Cmwlth. 2016). "Because of these due process concerns, this Court has explained that the focus is not on the alleged neglect of the owner, which is often present in some degree, but on whether the activities of the Bureau comply with the requirements of [RETSL]." *Battisti v. Beaver Cnty. Tax Claim Bureau*, 105 A.3d 76, 81 (Pa. Cmwlth. 2014) (*Battisti II*) (internal quotation omitted). However, "even technical compliance with the statute may not always satisfy the demands of due process because [RETSL] states the minimum effort to be done by a tax claim bureau." *Brodhead Creek Assocs., LLC v. Cnty. of Monroe*, 231 A.3d 69, 75 (Pa. Cmwlth. 2020) (citation omitted) (alteration in original).

Appellant cites to *Battisti II* in support of her due process argument. *See* Appellant's Br. at 21. In *Battisti II*, a delinquent taxpayer paid more than 25%

6

of their outstanding taxes; however, the taxpayer's property was sold because of the remaining, unpaid balance. 105 A.3d at 79-80. The trial court denied a petition to set aside the tax sale, but this Court reversed because the tax claim bureau had failed to offer the taxpayer an installment plan. *Id.* at 84. The Court held that due process was violated because the bureau failed to comply with Section 603 of RETSL, which requires the bureau to offer a taxpayer an installment plan after 25% of the amount due has been paid. *Id.* at 81-84 (citing Section 603 of RETSL, 72 P.S. § 5860.603).

Upon review, Appellant's reliance on *Battisti II* is misplaced. In *Battisti II*, the Court held that due process was violated because the bureau did not comply with a specific provision of RETSL. *See id.* In contrast, Appellant does not identify any provision of RETSL with which the Bureau did not comply. *See* Appellant's Br. at 20-21. Instead, Appellant offers only vague and conclusory statements that the upset tax sale violated due process. *See id.*

Further, based on the record, we discern no violation of RETSL or due process. The parties stipulated that the Bureau complied with the notice requirements. Hr'g Tr., 3/23/21, at 3-5. Appellant was offered a settlement agreement but declined. *Id.* at 35. On the morning of the upset tax sale, the Bureau called Appellant but was unable to reach her. *Id.* at 69. The Bureau even implemented policies to assist delinquent taxpayers during the COVID-19 pandemic, such as postponing deadlines, establishing an office near the entrance of the county administration building, and accepting payment outside the building. Trial Ct. Order, 3/25/21, at 1-2. Finally, Appellant was aware of the masking requirement well in advance of the day that her property was sold. *See* Hr'g Tr., 3/23/21, at 13-14. Regardless, the Bureau had no control over the building's mask policy. Thus, Appellant's failure to make payment was not a result of an irregularity

7

or illegality in the Bureau's proceedings. Therefore, Appellant's due process argument is without merit.

## IV. CONCLUSION

In this matter, the trial court found that Appellant did not tender payment of her taxes and that the Bureau did not interfere with Appellant's ability to do so. We defer to the trial court's findings and credibility determinations. *See Koszarek*, 244 A.3d at 67; *Aldhelm, Inc.*, 879 A.2d at 406. Additionally, the Bureau complied with RETSL, and we discern no violation of due process. *See Brodhead Creek Assocs., LLC*, 231 A.3d at 75; *cf. Battisti II*, 105 A.3d at 81-84. For these reasons, we affirm the trial court's order.

LORI A. DUMAS, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Northumberland County      :
Tax Claim Bureau Consolidated    :   No. 473 C.D. 2021
Return for Scheduled Sale       :
                                    :
Appeal of: Laticia Hoagland      :

# **O R D E R**

AND NOW, this 12th day of April, 2024, the order of the Northumberland County Court of Common Pleas, entered on March 25, 2021, is AFFIRMED.

 

 

LORI A. DUMAS, Judge